HANNAH RUNDLE, Respondent, *v.* GEORGE S. ALLISON and JAMES MARSH, Executors, &c., of Eli Gurnee, ·deceased, Appellants.

Where there is a legal and equitable remedy in respect to the same subject matter, the latter is under the control of the same statute bar as the former.

But where the legal remedy is imperfect, the statute bar applicable to equitable remedies will be applied.

THIS action is brought to compel the defendants, as executors, to pay over certain moneys, which it is alleged were received by their testator, in his lifetime, in trust for the plaintiff, under the will of Solomon Rundle, her late husband.

Solomon Rundle, by his will, appointed Eli Gurnee, the defendants' testator, and George S. Allison, his executors, and the plaintiff, executrix, and gave to his son, Charles A. Rundle, and to the plaintiff, each, one-half of the rents and profits of certain lands therein described, to be taken charge of by his executors for their benefit, and he empowered the executors to sell and convey said lands, and directed that, in case of sale, the moneys arising therefrom should be kept at interest for their benefit.

The complaint alleges, in substance, that, in 1841, the executors sold a part of said lands to William Denike, at the price of $3,771.75, and received therefor Denike's mortgage on the premises for $3,000, and his note for the balance; that, on the 2d of January, 1842, said note was delivered by the executors to Charles A. Rundle for his use, at the request of the plaintiff, on her agreeing in writing with the executors to allow them to retain her share of the interest accruing on the mortgage for seven years; that Gurnee did, thereupon, retain in his hands the plaintiff's share of the interest money arising from said mortgage as it accrued, until the 2d of January, 1849, and thus a sum equal to the principal of said note was restored to said trust fund; that Gurnee had the exclusive management and control of said fund during his

life; that he died in 1859, leaving a will, and the defendants are his executors; and that the plaintiff is entitled to one-half of the interest of said sum of $771.75, since 2d of January, 1849, being the sum of $27.01, in each year, with interest; no part of which has been paid, although demanded of Gurnee in his lifetime, and of the defendant Allison. The defendants' answer controverts these allegations, and sets up the statute of limitations.

The suit was commenced in April, 1862. It was tried by a referee, who found the facts substantially as alleged in the complaint, and reported in favor of the plaintiff for $374.83, with costs. The judgment entered on the report was affirmed by the Supreme Court.

*Thomas Nelson,* for the appellant.

*Owen T. Coffin,* for the respondents.

Smith, J. There are several points in this case which merit attention.

1. Upon the facts found by the referee it is apparent that the interest moneys accruing upon the $3,000 mortgage, which were retained by Gurnee, became a part of the principal of the trust fund in his hands, and the plaintiff was entitled to one-half of the interest thereon, subsequently to January 2, 1849. The executors held the land referred to in the complaint, in trust, to pay the rents and profits thereof to the plaintiff and Charles Rundle, in equal shares. The execution of the power of sale by the executors, and the conversion of the land into securities for the payment of money, did not terminate the trust nor extinguish the plaintiff's interest in the trust fund. According to the provisions of the will, as found by the referee, the plaintiff had the same right to one-half the interest accruing on the securities, as she previously had to a moiety of the rents and profits of the land. The agreement which she made with her co-executors to induce them to consent to a withdrawal of the note for $771.75 from the trust fund, was not intended to transfer to them, in their own right, her share of the interest accruing on the mortgage for seven

years. The executors were to retain and accumulate such interest for the purpose of restoring to the fund the amount which was withdrawn from it by the transfer of the note. When the amount was thus restored, the plaintiff was entitled to interest upon it thereafter as well as upon the balance of the fund.

2. The appellants insist, however, that there is no evidence to support the finding of the referee, that the money claimed by the plaintiff was received by Gurnee. But the testimony on that point is sufficient. It appears that the Denike mortgage bore interest; at least it may be inferred that such was the case from the fact that the executors were required by the will to keep the trust moneys *at interest*, and from the further fact that the subject matter of the agreement which the plaintiff made with Gurnee and Allison was her share of the *interest of that mortgage*. It also appears that the mortgages and notes belonging to the trust fund were held by Gurnee alone, and that in May, 1851, during the lifetime of Gurnee, the Denike mortgage was canceled, and was soon afterward replaced by a mortgage executed by other parties. These facts authorized the referee to charge Gurnee with the receipt of the interest accruing upon the Denike mortgage; for if he discharged the mortgage without collecting the interest, he was liable for so much money had and received, the same as if he had in fact received it. (*Jackson* v. *Baker*, 6 Cow., 183, note; *Floyd* v. *Day*, 3 Mass., 403; *Beardsley* v. *Root*, 11 Johns., 464; *Denton* v. *Livingston*, 9 id., 96.)

3. The next question to be considered relates to the statute of limitations. The referee has reported in favor of the plaintiff for all sums received by Gurnee within ten years next preceding the commencement of the suit. The appellants insist that the six years' limitation applies. That depends upon the fact whether the plaintiff had a remedy at law. The rule is, that where there is a legal and equitable remedy in respect to the same subject matter, the latter is under the control of the same statute bar with the former. (7 Johns. Ch., 90; 7 Paige, 195; *S. C.* affirmed, 24 Wend., 587; 15 N. Y., 505.) The action may properly be regarded as one for a

legacy. At common law a suit for a legacy did not lie. (5 Term R., 690 ; 18 Johns., 428 ; 4 Mass., 634.) In this State a remedy by action in courts of law was given by statute as early as 1801. (24 Sess. Laws, ch. 174, § 7 ; 1 Webs. & Skin., 540, § 18.) Substantially the same provision was incorporated in the Revised Statutes. (2 R. S., 114, §§ 9 to 16.) Under the statute, actions of debt for legacies have been frequently entertained. (2 Johns. Cases, 97 ; id., 200 ; 2 Johns., 243 ; 10 id., 155.) In *Souzer* v. *De Meyer* (2 Paige, 574), the chancellor held that the statute of limitations may be interposed against legacies, if not charged upon the land, as well in equity as in law. The six years' limitation would therefore apply to the present case were it not for some special circumstances which prevent the plaintiff from maintaining an action at law. In the first place, the plaintiff is not only the legatee, but is also one of the executors, and cannot recover at law for the twofold reason, first, that a party cannot sue himself (6 Taunt., 597 ; 2 Bos. & Pul., 120 ; 27 Barb., 553), and secondly, that no legal contract could exist between herself, on the one side, and herself, with others connected with her, on the other side. She may, however, have relief in equity, where all accounts between herself and her co-trustees may be adjusted. In the next place, the plaintiff might be embarrassed in a court of law, by the fact that her claim is against one of several trustees who, in law, are to be regarded as one person, and must be joined (Toller on Ex., 446) ; but in equity, where the complaint is so framed that it seeks an account of, or payment out of, only so much of the trust fund as has come to the hands of a particular trustee, he may be sued alone, and the others are not properly made parties. (Story Eq. Pl., § 214.) By reason of these peculiar circumstances the plaintiff had no remedy at law, and the limitation of six years is not applicable to the case.

4. The defendants claim that the referee erred in permitting the plaintiff to testify, in her own behalf, to certain transactions had personally by her with their testator. Those transactions were the agreement already referred to, and a

demand of the money claimed in this action. The admission of the testimony was clearly erroneous; but it seems to me equally clear that it was wholly immaterial, and did not prejudice the defendants. The agreement was not essential to the cause of action. The plaintiff established a *prima facie* case, by showing the terms of the trust; that the Denike mortgage and note were in Gurnee's hands; that he received interest thereon, to which she was entitled; and that a certain portion of the interest had been withheld from her, in each year, since 1849. The agreement was, really, matter of defense, and was so treated by the defendants; and if it was, in any respect, useful to the plaintiff, it was collateral only. Besides, the execution and contents of the agreement were also proved by Charles Rundle. The agreement being collateral evidence, and not under seal, the production of the subscribing witness was unnecessary. (2 Johns., 451; 21 Vt., 433.) As to a *demand*, it is obvious that none was necessary to enable the plaintiff to recover, in equity, the *principal* sum which Gurnee was required, by his duty as trustee, to pay over to her. If necessary for any purpose, it was to entitle her to recover interest thereon. But, under the circumstances, it was not necessary for that purpose. Gurnee, as executor, was chargeable with interest on the ground of his long delay in paying over the money which it was his duty to have paid over in each year as he received it, and the absence of proof that he had had the money constantly on hand, ready to be paid over when called for. In *Gray* v. *Thompson* (1 Johns. Ch., 82), an assignee of property, in trust, for the benefit of creditors, having received the proceeds, and neglected, for many years, to distribute the fund among the creditors, pursuant to his trust, was decreed to pay the amount, with interest from the time he received the money, and was charged with costs. The ground of the rule is the negligence of the trustee, and the presumption, in the absence of proof to the contrary, that he appropriated the fund to his own use. The same rule has been adopted in several later cases. (1 Johns. Ch., 508; 1 Paige, 479; 1 Bradf., 248.)

Opinion of the Court, per SMITH, J.

5. There is no error in the refusal to allow commissions to the defendants. They are not claimed in the answer. If they were, for aught that appears, the will provided that the executors should not be entitled to any compensation in respect to the trust fund in question, or, if compensation was allowed, that it should be charged on the estate generally, and not on the fund.

6. The defendants also insist that the plaintiff is not entitled to costs, for the reason that she claimed more than she has recovered. This is not a proper case for the application of the rule, that costs will not be given to either party where the plaintiff succeeds in a part and fails as to the residue. The cases in which that rule has been applied are, where some distinct and independent claim of the plaintiff has wholly failed (4 Johns. Ch., 79 ; 9 Paige, 211 ; 11 id., 299); or where the plaintiff was at fault, as by having produced a mistake in fact, which occasioned the litigation. (6 Seld., 319.) But, in the present case, the plaintiff made but one claim, and she has established it. She has recovered the amount claimed, except as to a small part which is cut off by the statute of limitations. She was not called upon to anticipate that defense, and to concede its validity, when she commenced her suit. If the defendants, when they put in their answer setting up the statute, had also tendered the amount of the claim not covered by the statute, or offered a judgment therefor, the plaintiff would have subjected herself to costs if she had rejected the offer ; but, as the case stands, no established rule has been violated by the direction made by the court below, in their discretion, that the plaintiff have costs out of the estate.

The judgment should be affirmed.

Judgment affirmed.