LILLIAN G. KEYS, Respondent, *v.* JAMES M. LEOPOLD et al., Appellants.

*Limitation of actions — equitable remedy under same statutory bar as legal where both remedies exist as to same subject-matter — complaint stating cause of action in equity and also one at law controlled by statute applicable to latter.*

1. When a legal and an equitable remedy exist as to the same subject-matter, the latter is under the control of the same statutory bar as the former.

2. Assuming that a complaint states a cause of action in equity for an accounting, where it also states facts on which a recovery might be had at law upon a contract obligation or liability express or implied or damages for an injury to property, it is controlled by the six years' Statute of Limitations under section 48 of the Civil Practice Act.

*Keys* v. *Leopold,* 213 App. Div. 760, reversed.

(Argued October 6, 1925; decided November 24, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 12, 1925, which reversed an order of Special Term granting a motion by defendant for a dismissal of the complaint, and denied said motion.

The question certified is stated in the opinion.

*Outerbridge Horsey* for appellants. The Appellate Division erred in deciding that the ten years' Statute of Limitations applies to plaintiff's cause of action. (*Kane* v. *Bloodgood,* 7 Johns. Ch. 90; *Brown* v. *Brown,* 83 Hun, 160; *Matter of Accounting of Neilley,* 95 N. Y. 382; *Rundle* v. *Allison,* 34 N. Y. 180; *Mason* v. *Henry,* 152 N. Y. 529; *Scott* v. *Stebbins,* 27 Hun, 335; 91 N. Y. 605.)

*Allen Caruthers* for respondent. The relation which existed between the parties to this action was not that of debtor and creditor, but of trustee and *cestui que trust.* (*Orton* v. *Tannenbaum,* 194 App. Div. 214; *Matter of Carpenter,* 131 N. Y. 86; *Goldsmith* v. *Goldsmith,* 145 N. Y. 313; *Klinzing* v. *Blauw Bros., Inc.,* 160 N. Y. Supp. 631; *Zebley* v. *Farmers' L. & T. Co.,* 139 N. Y. 461; 63 Hun, 541; *Matter of Camp,* 126 N. Y. 377; *Lammer* v. *Stoddard,* 103 N. Y. 672; *Reitz* v. *Reitz,* 80 N. Y. 538; *Barker* v. *White,* 58 N. Y. 204; *Greenly* v. *Shelmidine,* 83 App. Div. 559; *Hutton* v. *Smith,* 74 App. Div. 284; *Davis* v. *Davis,* 86 Hun, 400; *Post* v. *Benchley,* 48 Hun, 83; *Morgan* v. *Turner,* 35 Misc. Rep. 399; *Decouche* v. *Savetier,* 3 Johns. Ch. 190.) Where there

is a trust in which the trustee had authority to use the fund for the benefit of the trust created, then the statute did not begin to run until the trust was terminated, or a demand and refusal to account. (*Matter of Waite*, 43 App. Div. 296; *Brown* v. *Brown*, 83 Hun, 16; 146 N. Y. 385; *Mills* v. *Mills*, 115 N. Y. 80; *Sheldon* v. *Sheldon*, 133 N. Y. 1; *Adams* v. *Olin*, 140 N. Y. 150; *Roberts* v. *Ely*, 113 N. Y. 128; *Middleton* v. *Twombly*, 125 N. Y. 520; *Diefenthaler* v. *Mayor*, 111 N. Y. 331; *Jex* v. *Mayor*, 111 N. Y. 339; *Matter of Cole*, 34 Hun, 320.)

ANDREWS, J. The complaint alleges that the defendants and their predecessors, whose obligations they have assumed, are copartners and members of the New York Stock Exchange. Between May, 1903, and July, 1908, relying upon their statement that the plaintiff " would make great profits upon her investment with them," she paid them the sum of $12,550 " to be invested by said copartners for her account " and constituted them " her true and lawful agents in the premises." Since 1916, she has repeatedly demanded an accounting of this principal and of any profits " of her said investments as aforesaid " but her demand has been refused. Therefore, in 1924, she brought this action in equity to compel the defendants to account and to pay over to her such amount as might be found due. This complaint was dismissed by the Special Term. The Appellate Division reversed such order but permitted an appeal to this court certifying the question " Did the cause of action alleged * * * accrue within the time limited by law for the commencement of an action thereon? "

The answer depends upon the meaning to be given the complaint. Clearly it does not allege the creation of an express trust. Neither actually nor impliedly is it stated that the moneys were given to the brokers for investment, they to purchase securities in their own name, sell, reinvest, deal with them as they might think proper,

and at the termination of the trust deliver such securities as remained, with any profits that had been gained to the plaintiff, or anything substantially to that effect. Rather the picture presented is that of an ordinary transaction between customer and brokers. The money was given to the defendants for investment. They were to use it for the purchase of stocks or bonds, either (for this is not stated in the complaint) particular securities specified by the plaintiff, or such securities as the brokers chose. In either case, when the investments were once made, the powers of the brokers ceased. Their only duty then was to deliver the securities to the plaintiff or possibly to hold them, and any interest or dividends received therefrom, until a demand by her. That this was the construction placed by her on the arrangement appears by a letter written by her attorney to the defendants three days before the action was begun and used by her in opposition to the motion to dismiss the complaint. "Now my position is simply this," he says. "If you will satisfy me that these moneys — $12,550 — were actually invested by you for her and that she received the securities in which such moneys were invested, the matter will be ended."

For the purposes of this case we shall assume that the complaint states a cause in equity for an accounting. We shall assume also that, as respondent claims, the action is governed by section 15, subdivision 2, of the Civil Practice Act and that the time within which it must be begun is to be computed from 1916 when a demand was actually made. The question still remains, however, whether the basis of the action is to recover upon a contract obligation or liability express or implied, or damages for an injury to property controlled by the six years' statute under section 48, or whether this is an action the limitation of which is not specifically prescribed and, therefore, one that must be commenced within ten years under section 53. The mere fact that this is an action

for an accounting is not determinative of this question. When a legal and an equitable remedy exists as to the same subject-matter, the latter is under the control of the same statutory bar as the former. (*Rundle* v. *Allison,* 34 N. Y. 180.) Nor is the fact that the defendants received this money in a fiduciary capacity and may, therefore, hold it under such a trust as the law may imply for the purposes of justice. (*Mills* v. *Mills,* 115 N. Y. 80.)

Our construction of the complaint answers the question. It states facts on which a recovery might be had at law. That the plaintiff was ignorant of what precisely she was entitled to claim is immaterial. There are remedies provided for such a situation. We hold that under Civil Practice Act, section 48, this action should at least have been begun within six years after 1916.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division and the question certified answered in the negative.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and LEHMAN, JJ., concur.

Ordered accordingly.