HANOVER FIRE INSURANCE COMPANY, Respondent, *v.* MORSE DRY DOCK AND REPAIR COMPANY, Appellant.

GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Respondent, *v.* MORSE DRY DOCK AND REPAIR COMPANY, Appellant.

EAGLE STAR & BRITISH DOMINIONS INSURANCE COMPANY, LTD., Respondent, *v.* MORSE DRY DOCK AND REPAIR COMPANY, Appellant.

UNIVERSAL INSURANCE COMPANY, Respondent, *v.* MORSE DRY DOCK AND REPAIR COMPANY, Appellant.

(Argued January 20, 1936; decided March 3, 1936.)

*Joseph M. Proskauer, George S. Brengle* and *David Katz* for appellant. The actions are barred by the six-year Statute of Limitations. (*Higgins* v. *Crouse,* 147 N. Y. 411; *Bosley* v. *National Machine Co.,* 123 N. Y. 550; *Slayback* v. *Raymond,* 93 App. Div. 326; *Sielcken-Schwarz* v. *American Factors, Ltd.,* 265 N. Y. 239; *Piper* v. *Hoard,* 107 N. Y. 67; *Dyckman* v. *Dyckman,* 230 App. Div. 288; *Kilmer* v. *Hutton,* 131 App. Div. 625; *Coffin* v. *Barber,* 115 App. Div. 713.) The ten-year Statute of Limitations

is not applicable. (*Pitcher* v. *Sutton*, 238 App. Div. 291; *Chorrmann* v. *Bachmann*, 119 App. Div. 146; *McKenzie* v. *Wappler Electric Co.*, 215 App. Div. 336; *Finnegan* v. *McGuffog*, 139 App. Div. 899; *Hart* v. *Goadby*, 72 Misc. Rep. 232; *Lightfoot* v. *Davis*, 198 N. Y. 261; *Sebring* v. *Fidelity-Phenix Fire Ins. Co.*, 255 N. Y. 382; *Burritt* v. *Insurance Co.*, 5 Hill, 188; *Vaughan* v. *U. S. Title Guaranty & Indemnity Co.*, 137 App. Div. 623; *Polachek* v. *N. Y. Life Ins. Co.*, 147 Misc. Rep. 16; *Merchants & Shippers Ins. Co.* v. *St. Paul F. & M. Ins. Co.*, 219 App. Div. 636; *Equitable Life Assur. Society* v. *McElroy*, 83 Fed. Rep. 631; *Cowee* v. *Cornell*, 75 N. Y. 91; *Forker* v. *Brown*, 10 Misc. Rep. 161; *Matter of Kopytkiewicz*, 156 Misc. Rep. 297; *Tyler* v. *Savage*, 143 U. S. 79.)

*Samuel Seabury* and *Forrest E. Single* for respondents. The case is not governed by the six-year Statute of Limitations. Although fraud is alleged, the gravamen of the action is not fraud, but defendant's failure to disclose facts which it was under a duty to disclose, and the failure to disclose which would vitiate the policies even though there was no intent to defraud. Such an action is governed by the ten-year Statute of Limitations. (*Seligson* v. *Weiss*, 222 App. Div. 634; *Dodds* v. *McColgan*, 229 App. Div. 273; *Small* v. *Sullivan*, 218 App. Div. 612; 245 N. Y. 343; *Clarke* v. *Gilmore*, 149 App. Div. 445; *Ford* v. *Clendenin*, 215 N. Y. 10; *Gilmore* v. *Ham*, 142 N. Y. 1; *McKenzie* v. *Wappler Electric Co.*, 215 App. Div. 336; *Pitcher* v. *Sutton*, 238 App. Div. 291; 264 N. Y. 638; *Grover* v. *National Bank of Commerce*, 156 App. Div. 247; *Carr* v. *Thompson*, 87 N. Y. 160; *M'Lanahan* v. *Universal Ins. Co.*, 26 U. S. 170; *Cox* v. *Blake Co.*, 100 Misc. Rep. 135; *Btesh* v. *Royal Ins. Co., Ltd.*, 49 Fed. Rep. [2d] 720; *Stipcich* v. *Metropolitan Life Ins. Co.*, 277 U. S. 311; *Hare & Chase, Inc.*, v. *National Surety Co.*, 60 Fed. Rep. [2d] 909; *Springfield F. & M. Ins. Co.* v. *National F. Ins. Co.*, 51 Fed. Rep. [2d] 714; *Henshaw* v. *Ins. Co.*,

36 Misc. Rep. 405; *Downs* v. *Georgia Casualty Co.*, 271 Fed. Rep. 310; *Pendergast* v. *Globe & Rutgers F. Ins. Co.*, 246 N. Y. 396.)

HUBBS, J. These four actions were brought for the reformation of policies of property liability insurance upon the ground that they were obtained by the fraudulent concealment of the fact that a loss had occurred prior to the delivery of the policies or the consummation of the contracts.

The trial court found in favor of the plaintiff in each action and the Appellate Division has affirmed.

The primary question for determination here is whether the causes of action were barred by the Statute of Limitations. Appellant contends that the six-year Statute of Limitations applies (Civ. Prac. Act, § 48), and as more than six years had expired after the causes of action had accrued before these actions were commenced that they are barred by the statute. We believe that appellant is mistaken in such contention and that the ten-year Statute of Limitations is applicable. (Civ. Prac. Act, § 53.)

Concededly, the actions were commenced within ten years after the causes of action accrued. In actions in equity the general rule is that section 53 of the Civil Practice Act applies, and that a plaintiff has ten years after accrual of the cause within which to commence his action. (*Gilmore* v. *Ham*, 142 N. Y. 1; *Treadwell* v. *Clark*, 190 N. Y. 51.)

In an action in equity the ten-year limitation prescribed by section 53 of the Civil Practice Act is applicable unless, in a particular action, a party has a choice of two remedies, one at law, the other in equity, both complete and adequate, and he selects the action in equity. In that event the party whose cause of action would be barred under the six-year statute, if he should elect to proceed at law, may not enlarge this time by electing to proceed in equity. Such is the rule where

the remedies are concurrent. (*Rundle* v. *Allison*, 34 N. Y. 180; *Keys* v. *Leopold*, 241 N. Y. 189· *Clarke* v. *Boorman's Executors*, 85 U. S. 493.)

The exception is not applicable in cases of concurrent jurisdiction, however, if a party's remedy at law is inadequate and imperfect and he is required to go into equity to procure complete and adequate relief. (*Rundle* v. *Allison, supra; Mann* v. *Fairchild*, 14 Barb. 548.)

If relief may be had at law in an action for damages and in equity for rescission of a contract on the ground of fraud with a reconveyance of land and an accounting for profits, the action in equity is subject to the ten-year limitation though the action for damages is barred under the six-year statute. (*Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308.)

The true test as to applicability of the ten-year statute to an action in equity when a party also has a cause of action at law, seems to be whether the complaint states facts upon which a complete recovery might be had in a law action. If such be the case, the six-year statute applies. Otherwise, the applicable limitation is to be found in the ten-year statute. (*Keys* v. *Leopold, supra.*)

The applicability of the six-year statute to this case depends, therefore, upon whether respondents, under the facts stated in the complaints, had an adequate remedy at law. The actions were brought in equity and appellant has at no time raised the question of the jurisdiction of the equity court. It is appellant's contention that there was concurrent jurisdiction in law and in equity for the reason that the respondents, if sued on the policies, might have set up the defense of fraud which, under the findings in these cases, would have constituted a perfect defense in actions on the policies. In effect, its argument is that· the availability of the defense of fraud in actions on the policies is equivalent to a right to maintain an action at law. We are referred to no decision which holds the ten-year statute inappli-

cable because the plaintiff, having an action in equity, has also a defense in an action against it, and we see no reason for extending the limitation placed upon the applicability of the ten-year statute by the adoption of such a rule. The applicability of the statute must be determined by the adequacy of affirmative relief available to a party.

Here the respondents were under contract to protect the appellant against liability for damages and costs resulting from losses occurring prior to the actual meeting of the minds of the parties upon the form of coverage to be provided. While it is true that the defense of fraud would have been available to the respondents in actions brought on the policies, still they had the right to maintain actions in equity to reform the policies. They had no cause of action at law to recover damages for fraud, since they had suffered no damage and it is not suggested that they had the right to take other affirmative action at law. We hold the right to interpose the defense of fraud in actions on the policies is not the equivalent of a right to proceed at law, that the ten-year statute is applicable and, such period not having elapsed since the discovery of the fraud, that this action was timely brought.

Even if it were to be held that the availability of the defense of fraud in actions on the policies is the equivalent of a right to affirmative relief at law, there would have to be adequacy of such relief to bring the present actions within the limitation of the six-year statute. Before respondents could avail themselves of such relief, there would be the necessity of action on the part of the appellant to recover on the policies. Despite discovery of the fraud, respondents, having no affirmative action at law, pending action by the appellant on the policies, would remain contingently liable to the extent of $275,000, for which sum they would be required to maintain an adequate reserve, with the possibility of loss of testimony of witnesses, a multiplicity of suits,

loss of documents and other detriments which might increase respondents' costs and endanger their ability to prove the fraud. If it be contended that there is lack of proof with respect to the existence of such elements, making relief at law inadequate, the answer to the contention may be found in the fact that no issue was presented with respect to the adequacy of relief at law since appellant has not questioned the jurisdiction of equity. If that question had been raised, it may be that respondents could have established facts which would have clearly disclosed the necessity of bringing the actions in equity in order to obtain adequate relief. The question, not having been raised at the trial, cannot be considered in this court.

A reversal of the judgments here would be of little practical value to the appellant in so far as its claims against the respondents are concerned, for the reason that in actions to recover upon the policies, the respondents would not be barred from interposing the defense of fraud. The rule is well established that the Statute of Limitations cannot be interposed as against fraud when set up as a pure defense. As said in *Bartlett* v. *Judd* (21 N. Y. 200, 205): " This case does not come within the letter of the statute, which applies to bills filed by a plaintiff for specific relief and not to a defendant resisting an unrighteous claim by an equitable defense." (See, also, *People* v. *Faxon*, 111 Misc. Rep. 699; *Maders* v. *Lawrence*, 49 Hun, 360; 37 C. J. 794 and 803, and cases cited.)

We have considered the other questions argued by appellant but find no reversible error therein.

In each case the judgment appealed from should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments affirmed.