SAM REISMAN, HENRY F. WILLIAMSON, WILLIAM A. RICHARDSON, A. DYMOCK, VICTOR GORDON, SARAH GORDON, ROBERT GORDON and MORRIS GORDON, Individually and on Behalf of All Creditors of the CENTRAL MANUFACTURING DISTRICT BANK, an Illinois Banking Corporation, Appellants, v. HARRY J. HALL, Respondent.— Appeal from an order of the Special Term of the Supreme Court, Warren county, made May 4, 1938, dismissing the complaint on the ground that the Statute of Limitations had run against the cause of action alleged. The Central Manufacturing District Bank, an Illinois banking corporation, became insolvent on June 24, 1932. The defendant had been the owner of twenty shares of stock of the bank of the par value of $100 during the years of 1917 to 1921. The Constitution of Illinois made stockholders of a bank liable for debts of the bank incurred during the period of stock ownership, and gave a cause of action thereon to creditors of the bank against such stockholders. The defendant owned no stock subsequent to 1921. The complaint alleged that despite the closing of the bank as above stated on account of its insolvency, they did not know of such indebtedness of the stockholder in question until within three years prior to 1937, when the action was brought. Under the law of Illinois the cause of action arose when the bank became insolvent, and was closed in 1932, (*Sanders* v. *Merchants' State Bank of Centralia*, 349 Ill. 547, 572; 182 N. E. 897; *Babka Plastering Co.* v. *City State Bank of Chicago*, 264 Ill. App. 142, 160.) When plaintiffs resorted to

the courts of New York for the enforcement of their alleged rights, they accepted the law of the forum selected. Our statute provides that an action such as this must be brought within three years after its accrual. The action was barred in New York, and the motion to dismiss the complaint was properly granted. Order unanimously affirmed, with twenty-five dollars costs and disbursements.