RUSSELL ET AL., CO-PARTNERS, *v.* TODD ET AL., CO-PARTNERS.

No. 329.   Argued January 12, 1940.—Decided February 26, 1940.

*Mr. Ralph M. Carson,* with whom *Messrs. Samuel A. Pleasants* and *John B. Coleman* were on the brief, for petitioners.

*Mr. George A. Spiegelberg* for Todd et al., respond-
ents, and Lissenden et al., intervener-respondents.

MR. JUSTICE STONE delivered the opinion of the Court.

The question decisive of this case is whether, in a suit brought in the federal district court in New York to enforce the statutory liability of shareholders of a joint stock land bank for its debts, the court rightly declined to apply the three-year state statute of limitations.

Respondents Todd, Work and Weiss, copartners, in behalf of themselves and other creditors of the insolvent Ohio Joint Stock Land Bank of Cincinnati, Ohio, brought suit in the District Court for Southern New York against petitioners, copartners, to enforce their liability as record shareholders of the bank under § 16 of the Federal Farm Loan Act, 39 Stat. 374, 12 U. S. C. § 812. Petitioners, among other defenses, pleaded the New York three-year statute of limitations. § 49 (4) N. Y. Civil Practice Act. The district court found, as is conceded here, that the cause of action accrued April 6, 1928; that plaintiffs in the suit had notice of its accrual on April 15, 1928, and that the suit was commenced three years and eight months later, on December 16, 1931. It overruled the plea of limitations and gave judgment for respondents. 1 F. Supp. 788; 20 F. Supp. 930, 936. The Court of Appeals for the Second Circuit affirmed, 104 F. 2d 169.

Both courts, holding that the suit was exclusively within the equity jurisdiction of the court, ruled that the doctrine of laches and not the state statute of limitations was applicable, and held that respondents had not been guilty of laches. We granted certiorari, 308 U. S. 541, limited to the question of the application of the New York statute, upon a petition which challenged the decision below as in conflict with the decisions of this Court applying the three-year statute of limitations in a suit to enforce the liability of stockholders of a state bank in *Platt* v. *Wilmot*, 193 U. S. 602; cf. as to liability of stockholders of national banks, *McDonald* v. *Thompson*, 184 U. S. 71; *McClaine* v. *Rankin*, 197 U. S. 154.

Section 16 of the Federal Farm Loan Act provides that the shareholders of every joint stock land bank "shall be held individually responsible, equally and ratably, and not one for another, for all . . . debts . . . of such bank to the extent of the amount of stock owned by them at the par value thereof. . . ." Unlike the comparable provisions of the National Bank Act, R. S. §§ 5151, 5234, 12 U. S. C. §§ 63, 192, which authorize the receiver of a national bank to enforce the liability of stockholders of an insolvent national bank assessed against them by the comptroller of the currency, this section of the Federal Farm Loan Act confers no power on the receiver of a farm loan bank to levy an assessment on the stockholders of an insolvent bank or to maintain a suit to enforce their liability. *Wheeler* v. *Greene*, 280 U. S. 49; *Christopher* v. *Brusselback*, 302 U. S. 500, 502; *Brusselback* v. *Cago Corporation*, 85 F. 2d 20.

As the liability of the stockholders as prescribed by this section is to pay "equally and ratably," the sole remedy is by plenary representative suit brought in equity in behalf of all creditors of the bank, in which the existence and extent of insolvency, and the ratable shares of the contribution by shareholders can be ascertained and an equitable distribution made of the fund recovered. But this amount cannot be determined and its distribution effected without resort to the procedures traditionally employed by equity upon a bill for an accounting and for the distribution of a fund brought into its custody. No stockholder is liable for more than his proportion of the debts not exceeding the par value of his stock. His proportion can be ascertained only upon an accounting of the debts and of the stock and a pro rata distribution of the liability among the shareholders and of the proceeds of recovery among the creditors. Such a suit during its progress and at its conclusion by a final decree of distribution requires the exercise of powers which are pecu-

liarly those of a court of equity to bring before it in a single suit all the necessary parties to ascertain their rights and liabilities, and to adjust and settle them by its decrees. *Pollard* v. *Bailey*, 20 Wall. 520; *Terry* v. *Little*, 101 U. S. 216; *Richmond* v. *Irons*, 121 U. S. 27; *Christopher* v. *Brusselback, supra*.

When the receiver or officer performing like functions is authorized by statute to assess the shareholders, the assessment is binding on them by reason of their membership in the corporation, and each shareholder then becomes liable in a suit at law for the amount of the assessment. See *Christopher* v. *Brusselback, supra*, 503, and cases cited. It is for this reason that there is a divergence between the procedure for recovering assessments of shareholders of national banks, and that for enforcing the liability of shareholders in a federal land bank. In the latter case there is no legal remedy, the relief being afforded exclusively in equity. The test of the inadequacy of the legal remedy prerequisite to resort to a federal court of equity is the legal remedy which federal rather than state courts afford. *Di Giovanni* v. *Camden Fire Insurance Assn.*, 296 U. S. 64; *Atlas Life Insurance Co.* v. *Southern, Inc.*, 306 U. S. 563. And the jurisdiction of federal courts of equity, as determined by that test, is neither enlarged nor diminished by the names given to remedies or the distinction made between them by state practice. *Stratton* v. *St. Louis S. W. Ry. Co.*, 284 U. S. 530, 534.

The present suit is not any the less in equity because it turns out that the liability of the shareholders equals the full par-value of their stock. The amount of the liability could not be determined and assessed without an accounting of assets and liabilities, and distribution could not be effected among creditors without resort to the power traditionally that of a court of equity to make its determination of the rights of the parties effective

through its decrees *in personam*. Here the decree directs payment into court of the amount found to be due, for distribution among the creditors in conformity to the further order of the court.

The suit being in equity, brought in a federal district court, the question decisive of this case is ·what ·lapse of time will bar recovery in the absence of an applicable federal statute of limitations. The Rules of Decision Act does not apply to suits in equity. Section 34 of the Judiciary Act of 1789, 28 U. S. C. 725, directing that the "laws of the several states" · "shall be regarded as rules of decision" in the courts of the United States, applies only to the rules of decision in "trials at common law" in such courts, but applies as well to rules established by judicial decision in the states as those established by statute. *Erie R. Co.* v. *Tompkins,* 304 U. S. 64.

From the beginning, equity, in the absence of any statute of limitations made applicable to equity suits, has provided its own rule of limitations through the doctrine of laches, the principle that equity will not aid a plaintiff whose unexcused delay, if the suit were allowed, would be prejudicial to the defendant. *Wagner* v. *Baird,* 7 How. 234, 258; *Stearns* v. *Page,* 7 How. 819, 828, 829; *Philippi* v. *Philippe,* 115 U. S. 151, 157; *United States* v. *Beebe,* 127 U. S. 338; *Curtner* v. *United States,* 149 U. S. 662, 676; *Alsop* v. *Riker,* 155 U. S. 448, 460; *Abraham* v. *Ordway,* 158 U. S. 416, 420. In the application of the doctrine of laches it recognized that prejudice may arise from delay alone, so prolonged that in the normal course of events evidence is lost or obscured; and the English Court of Chancery early adopted the rule, followed in the federal courts, that suits to assert equitable interests in real estate will, without more, be barred after the lapse of twenty years when ejectment or the right of entry for the assertion of a comparable legal interest in the land would be barred. *Elmendorf* v. *Taylor,* 10

Wheat. 152, 173; *Hovenden* v. *Lord Annesly,* 2 Sch. & Lef. 607. And where resort was had to equity in aid of a legal right, equity, following the law, would refuse its aid if the legal right had been barred by the applicable statute of limitations. *Carrol* v. *Green,* 92 U. S. 509; *Godden* v. *Kimmell,* 99 U. S. 201, 210; *Wood* v. *Carpenter,* 101 U. S. 135; *Philippi* v. *Philippe, supra; McDonald* v. *Thompson, supra;* Pomeroy, Equity Jurisprudence (4th ed.), § 1441 and cases cited.

In federal courts of equity the doctrine of laches was early supplemented by the rule that when the question is of lapse of time barring relief in equity, such courts, even though not regarding themselves as bound by state statutes of limitations, will nevertheless, when consonant with equitable principles, adopt and apply as their own, the local statute of limitations applicable to the equitable causes of action in the judicial district in which the case is heard. *Bacon* v. *Howard,* 20 How. 22, 26; *Clarke* v. *Boorman's Executors,* 18 Wall. 493, 505, 506; *Boone County* v. *Burlington & M. R. R. Co.,* 139 U. S. 684, 692; *Pearsall* v. *Smith,* 149 U. S. 231, 233, 237; *Benedict* v. *City of New York,* 250 U. S. 321.[1]

---

[1] But federal courts of equity have not always held themselves bound to follow local statutes which in ordinary circumstances they could adopt and apply by analogy. In each case the refusal has been placed upon the ground of special equitable doctrines, making it inequitable to apply the statute. Laches may bar equitable remedy before the local statute has run. *Alsop* v. *Riker,* 155 U. S. 448, 460, 461; *Abraham.* v. *Ordway,* 158 U. S. 416; *Patterson* v. *Hewitt,* 195 U. S. 309, 318, *et seq.; Badger* v. *Badger,* 2 Clifford 137, 154; *Lemoine* v. *Dunklin County,* 51 F. 487, 492; *Kelley* v. *Boettcher,* 85 F. 55, 62; *Pooler* v. *Hyne,* 213 F. 154, 159. On the other hand, time has been held to be no bar to an equitable suit for a trustee's accounting. *Michoud* v. *Girod,* 4 How. 503, 561; cf. *Badger* v. *Badger,* 2 Wall. 87, 92; *Southern Pacific Co.* v. *Bogert,* 250 U. S. 483. Federal courts of equity have not considered themselves obligated to apply local statutes of limitations when they conflict with equitable principles, as where they apply, irrespective of the plaintiff's ignorance of his

Even though there is no state statute applicable to similar equitable demands, when the jurisdiction of the federal court is concurrent with that at law, or the suit is brought in aid of a legal right, equity will withhold its remedy if the legal right is barred by the local statute of limitations. It thus stays its hand in aid of a legal right which, under the Rules of Decision Act, would be unenforcible in the federal courts of law as well as in the state courts. *Wilson* v. *Koontz,* 7 Cranch 202, 205–6; *Michoud* v. *Girod,* 4 How. 503, 561; *Stearns* v. *Page,* 7 How. 819; *Clarke* v. *Boorman's Executors, supra,* 505; *Carrol* v. *Green, supra; Godfrey* v. *Terry,* 97 U. S. 171, 176, 180; *Baker* v. *Cummings,* 169 U. S. 189; *Metropolitan Bank* v. *St. Louis Dispatch Co.,* 149 U. S. 436; *McDonald* v. *Thompson, supra; Hughes* v. *Reed,* 46 F. 2d 435; cf. *Wagner* v. *Baird,* 7 How. 234; *Godden* v. *Kimmell, supra; Wood* v. *Carpenter, supra.*

But where the equity jurisdiction is exclusive and is not exercised in aid or support of a legal right, state statutes of limitations barring actions at law are inapplicable, and in the absence of any state statute barring the equitable remedy in like cases, the federal court is remitted to and applies the doctrine of laches as controlling. *Wagner* v. *Baird, supra,* 258; *Badger* v. *Badger,* 2 Wall. 87, 94–5; *Kirby* v. *Lake Shore & Michigan Southern R. Co.,* 120 U. S. 130, 139; *Metropolitan Bank* v. *St. Louis Dispatch Co., supra,* 448; *Speidel* v. *Henrici,* 120 U. S. 377, 386, 387; see *Southern Pacific Co.* v. *Bogert,* 250 U. S. 483, where no statute of limitations was pleaded. 244 F. 61, 65.

---

rights because of the fraud or inequitable conduct of the defendant. *Michoud* v. *Girod, supra,* 561; *Meader* v. *Norton,* 11 Wall. 442; *Bailey* v. *Glover,* 21 Wall. 342, 348; *Kirby* v. *Lake Shore & Michigan Southern R. Co.,* 120 U. S. 130; *Rugan* v. *Sabin,* 53 F. 415, 420; *Stevens* v. *Grand Central Mining Co.,* 133 F. 28; *Johnson* v. *White,* 39 F. 2d 793.

The question remains whether the court below correctly held that the doctrine of laches and not the local three-year statute of limitations is controlling. The present suit being, as we have seen and as the court below held, exclusively of equitable cognizance, in that it is not predicated upon any legal cause of action, the statute is not one which a federal court of equity will adopt and apply as a substitute for or a supplement to its own doctrine of laches, unless it is applied to like causes of action in the state courts.

The present suit was brought in less than four years after the cause of action had accrued, and it is conceded that the cause of action is not barred unless by the three-year statute. Section 49 of the Civil Practice Act provides that "the following actions must be commenced within three years after the cause of action has accrued: . . . (4) An action against a director or stockholder of a moneyed corporation, or banking association . . . to enforce a liability created by the common law or by statute. The cause of action is not deemed to have accrued until the discovery by the plaintiff of the facts under which . . . the liability was created." This Court has recognized that this statute is a bar to actions at law and has so applied it in suits to recover assessments on shareholders of a bank. See *Platt* v. *Wilmot, supra.*

Respondents, admitting that the statute is a bar to suits at law, argue that it is inapplicable to suits in equity and that when the remedy at law is so inadequate that resort must be had to remedies which are traditionally equitable, the limitation is not that of the three-year but of the ten-year statute, which is made applicable to all actions for which no limitation is otherwise specially prescribed. § 53, N. Y. Civil Practice Act.

At the outset we are confronted with those cases in which this Court in *McDonald* v. *Thompson, supra,* and

the state courts[2] have recognized and applied the statutory bar to an action at law to equity suits brought in aid of the legal right to recover an assessment upon stockholders. But as we have seen, those cases are referable to the doctrine accepted and applied in the federal courts of equity that equity does not give relief predicated on a legal right which the statute has barred.

Here the jurisdiction being exclusively in equity to enforce rights cognizable only in equity, statutes barring legal causes of action, as we have seen, are not controlling and we turn to the argument of petitioners that the three-year statute is a bar as well to such suits brought in the state courts, even though they are suits in which it is necessary to resort to remedies which are exclusively or traditionally equitable.

The precise question thus raised appears not to have been decided by the New York Court of Appeals. In *Mencher* v. *Richards*, 256 App. Div. 280; 9 N. Y. S. 2d 990, which was a stockholders' suit brought against directors of a moneyed corporation for an accounting for profits gained through their malfeasance in office, the Appellate Division of the Supreme Court held that the three-year statute did not apply. It pointed out that the statute relates only to causes of action for which a money judgment will suffice and not to suits which, al-

[2] *Schram* v. *Cotton*, 281 N. Y. 499; 24 N. E. 2d 305; *Nettles* v. *Childs*, 281 N. Y. 636; 22 N. E. 2d 477; 255 App. Div. 849; 7 N. Y. S. 2d 1021; *Wright* v. *Russell*, 245 App. Div. 708; 281 N. Y. S. 994; 155 Misc. 877; 280 N. Y. S. 614; leave to appeal denied, 269 N. Y. 683; *Reisman* v. *Hall*, 257 App. Div. 892; 12 N. Y. S. 2d 442, *a fortiori* suits at law in the federal courts to recover assessments upon stockholders of banks are barred by the three-year statute. *Platt* v. *Wilmot*, 193 U. S. 602; *Hobbs* v. *National Bank of Commerce*, 96 F. 396; *Seattle National Bank* v. *Pratt*, 103 F. 62; *Platt* v. *Hungerford*, 116 F. 771; *Whitman* v. *Atkinson*, 130 F. 759; *Ramsden* v. *Gately*, 142 F. 912.

though specifically within the language of the statute, require resort to the equitable remedy for an accounting, and that as to them the ten-year statute applies. In so construing the statute, it followed the rulings of the Court of Appeals that under the New York statutory scheme of limitations, suits in equity brought against corporate directors for an accounting for want of an adequate legal remedy are governed by the ten-year statute of limitations and not statutes fixing a shorter period of limitations which would be applicable if the suit were at law. *Hanover Fire Insurance Co.* v. *Morse Dry Dock & Repair Co.*, 270 N. Y. 86; 200 N. E. 589; *Potter* v. *Walker*, 276 N. Y. 15; 11 N. E. 2d 335 [3] Cf. *Gilmore* v.

---

[3] In *Hanover Fire Insurance Co.* v. *Morse Dry Dock & Repair Co.*, 270 N. Y. 86; 200 N. E. 590, the Court of Appeals declared (pp. 89, 90):

"In an action in equity the ten-year limitation prescribed by section 53 of the Civil Practice Act is applicable unless, in a particular action, a party has a choice of two remedies, one at law, the other in equity, both complete and adequate, and he selects the action in equity. In that event the party whose cause of action would be barred under the six-year statute, if he should elect to proceed at law, may not enlarge this time by electing to proceed in equity. Such is the rule where the remedies are concurrent. (*Rundle* v. *Allison*, 34 N. Y. 180; *Keys* v. *Leopold*, 241 N. Y. 189; 149 N. E. 828; *Clarke* v. *Boorman's Executors*, 85 U. S. 493.)

"The exception is not applicable in cases of concurrent jurisdiction, however, if a party's remedy at law is inadequate and imperfect and he is required to go into equity to procure complete and adequate relief. (*Rundle* v. *Allison, supra; Mann* v. *Fairchild*, 14 Barb. 548.)

"If relief may be had at law in an action for damages and in equity for rescission of a contract on the ground of fraud with a reconveyance of land and an accounting for profits, the action in equity is subject to the ten-year limitation though the action for damages is barred under the six-year statute. (*Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308; 144 N. E. 592.)"

In *Potter* v. *Walker*, 276 N. Y. 15; 11 N. E. 2d 335, the court said (pp. 25, 26):

"In respect to those causes of action by which is sought to recover profits received by directors by reason of wrongful acts, an action

*Ham,* 142 N. Y. 1; 36 N. E. 826; *Treadwell* v. *Clark,* 190 N. Y. 51; 82 N. E. 505.

In the absence of a definitive ruling by the highest court of the state, we accept the decision of the Appellate Division and the reasoning of the Court of Appeals upon which it rests as persuasive that the three-year statute does not apply to suits like the present where the remedy is exclusively equitable. See. *Wichita Royalty Co.* v. *City Bank,* 306 U. S. 103, 107.

We take it that in the absence of a controlling act of Congress federal courts of equity, in enforcing rights arising under statutes of the United States, will without reference to the Rules of Decision Act adopt and apply local statutes of limitations which are applied to like causes of action by the state courts. Cf. *Mason* v. *United States,* 260 U. S. 545; *Jackson County* v. *United States,* 308 U. S. 343. In thus giving effect to state statutes of limitations as a substitute or supplement for the equitable doctrine of laches, it must appear with reasonable certainty that there is a state statute applicable to like causes of action. As that does not appear here with respect to the three-year statute, the court be-

---

at law would not afford adequate relief. To the extent that an accounting is necessary, the right and the remedy must necessarily be of an equitable nature. The Appellate Division is, therefore, clearly right in applying the ten-year Statute of Limitations as to such causes of action. (Civ. Prac. Act, § 53; *Hanover Fire Ins. Co.* v. *Morse Dry Dock & Repair Co.,* 270 N. Y. 86.)"

*Wright* v. *Russell,* 269 N. Y. 683, 245 App. Div. 708; 281 N. Y. S. 994; 155 Misc. 877; 280 N. Y. S. 614, and *Reisman* v. *Hall,* 257 App. Div. 892; 12 N. Y. S. 2d 442, cited by petitioner, do not qualify this doctrine. There, although representative actions were brought, the Illinois constitution under which the liability arose had been interpreted as permitting actions at law, *Golden* v. *Cervenka,* 278 Ill. 409; 116 N. E. 273. Since the legal action would have been barred within three years, the court, as in *McDonald* v. *Thompson,* 184 U. S. 71, and consistently with *Potter* v. *Walker, supra,* applied the same period to the equitable action founded upon it.

low rightly declined to give effect to that statute and as it found that the cause of action was not barred by laches, it rightly gave judgment for respondents.

Petitioners argue that under New York law, laches is not a defense to actions like the present and that in the light of our decisions in *Erie R. Co.* v. *Tompkins, supra, Ruhlin* v. *New York Life Insurance Co.*, 304 U. S. 202, federal courts in the exercise of the equity jurisdiction conferred upon them by § 24 of the Judicial Code, 28 U. S. C. § 41, are no longer free to apply a different rule. But in this case laches has not been held to be a defense and the Court has not declined to give effect to a state statute shown to be applicable. In the circumstances we have no occasion to consider the extent to which federal courts, in the exercise of the authority conferred upon them by Congress to administer equitable remedies, are bound to follow state statutes and decisions affecting those remedies.

*Affirmed.*

MR. JUSTICE ROBERTS is of opinion that the judgment should be reversed for the reasons stated in the dissenting opinion of Clark, J., in the Circuit Court of Appeals.

MR. JUSTICE MURPHY took no part in the consideration or decision of this case.