HARRY G. KESNER and Others, Respondents, *v.* TITLE GUARANTEE AND TRUST COMPANY, Appellant.

First Department, May 31, 1940.

*John M. Friedman* of counsel [*Flynn L. Andrew* with him on the brief; *Milbank, Tweed & Hope,* attorneys], for the appellant.

*Myron M. Behrman,* for the respondents.

PER CURIAM. Plaintiffs have a complete remedy at law to recover the money damages sought in the complaint. (*Strebler* v. *Title Guarantee & Trust Co.*, 250 App. Div. 846; modfd. in other respects, 277 N. Y. 730.) In similar actions for breach by defendant of the duty which it owes as agent to a certificate holder, it has been held that an adequate remedy at law exists to which the six-year Statute of Limitations must be applied. (*Follender* v. *Title Guarantee & Trust Co.*, 258 App. Div. 724; *Clark* v. *Title Guarantee & Trust Co.*, 259 id. 136.)

Though plaintiffs might maintain an action in equity to recover for constructive fraud, there is, nevertheless, a concurrent adequate remedy at law for damages. The rule is settled that when a legal and an equitable remedy exist as to the same subject-matter, the latter is under the control of the same statutory bar as the former. (*Keys* v. *Leopold*, 241 N. Y. 189; *Hanover Fire Ins. Co.* v. *Morse D. D. & R. Co.*, 270 id. 86.)

The orders should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint on the ground that it is barred by the Statute of Limitations should be granted.

Present — MARTIN, P. J., O'MALLEY, GLENNON, COHN and CALLAHAN, JJ.

Orders unanimously reversed, with twenty dollars costs and disbursements, and motion to dismiss the complaint granted.