MARK G. HURST, Respondent, *v.* TUDOR CITY NINTH UNIT, INC., and FRED F. FRENCH MANAGEMENT COMPANY, INC., Appellants.

First Department, May 2, 1941.

*Hamilton McInnes* of counsel [*Howard T. Walden, Jr.*, with him on the brief; *McInnes & Gamble*, attorneys], for the appellants.

*Maurice A. Taub* of counsel [*James E. Duross*, attorney], for the respondent.

GLENNON, J. The plaintiff, on December 13, 1929, entered into a written lease with the defendant Tudor City Ninth Unit, Inc., for an unfurnished suite of rooms in Windsor Tower, an apartment hotel, for a term expiring September 30, 1931. Plaintiff furnished the apartment and occupied it for nine months. He sublet it furnished. When the lease expired on September 30, 1931, plaintiff demanded the right to remove his furniture and furnishings. He was in arrears in the payment of rental and incidental expenses covered by the lease, in the sum of $423.66. Tudor City Ninth Unit, Inc., through its agent, one Maddox, refused to allow plaintiff to remove his belongings and claimed a lien.

Plaintiff asserts that the agent made an oral agreement with him by which Tudor City was to hold his property " for the benefit of " plaintiff and use it in furnishing apartments, and would " account to the plaintiff for the additional rent thus received."

It is claimed that the agent further agreed orally that Tudor City would not sell plaintiff's belongings without his consent, and, if sold, the proceeds would be applied on account of plaintiff's debt and the balance paid to plaintiff who was to enjoy all the profits.

We do not believe that there is any credible evidence in the record to sustain the plaintiff's claim. On October 27, 1932, he instituted an action in the Supreme Court in which he named these defendants and alleged that they had been guilty of a conversion of the property which he now contends was the basis of the alleged oral agreement. He wrote a letter to the defendants under date of September 29, 1932, in which no such claim of an oral agreement was asserted. In an action which was commenced by the landlord in the Municipal Court for the recovery of the unpaid rent, he counterclaimed for the conversion of his furniture and furnishings. The course of conduct pursued by the plaintiff at that time indicates quite clearly that the testimony adduced on his behalf was fabricated for the purpose of succeeding in the action here under review.

Furthermore, we are of the opinion that the action is barred by the Statute of Limitations. The so-called oral agreement was alleged to have been entered into on September 30, 1931. The present action was not instituted until November, 1938. The defendants set up in an affirmative defense the Statute of Limitations. The oft-cited case of *Keys* v. *Leopold* (241 N. Y. 189) is controlling. There Judge ANDREWS said in part: " The mere fact that this is an action for an accounting is not determinative of this question. When a legal and an equitable remedy exists as to the same subject-matter, the latter is under the control of the same statutory bar as the former. * * *."

For the reasons assigned, the judgment is reversed, with costs, and the complaint dismissed, with costs.

O'MALLEY, TOWNLEY, UNTERMYER and COHN, JJ., concur.

Interlocutory judgment unanimously reversed, with costs, and the complaint dismissed, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.