## (February 27, 1962)

■ PETER F. SCHREIBMAN, an Infant, by FANNIE SCHREIBMAN, His Guardian ad Litem, et al., Respondents, v. CHASE MANHATTAN BANK, Appellant.

*Per Curiam.* The defendant appeals from an order of Special Term which denied its motion seeking to dismiss several causes of action for insufficiency, and to dismiss the entire complaint as to all adult plaintiffs by reason of the bar of the Statute of Limitations.

The complaint alleges that the plaintiffs were the owners of shares of stock which were turned over to a stockbroker for sale with the understanding that the proceeds thereof would be paid to them. The stock was sold and the moneys representing the proceeds of such sales were deposited in the broker's account in the defendant bank. By this action the plaintiffs seek recovery of such moneys.

The first and second causes of action in substance alleged that the moneys were deposited by the broker with knowledge on the part of the defendant that the

true ownership thereof was in the plaintiffs and that subsequently the defendant bank applied such funds to itself in satisfaction of a loan theretofore made by it to the broker. The relief sought is equitable in nature, seeking to impress a trust upon such funds in the hands of the defendant.

These causes of action are attacked by the defendant on the ground that they were not commenced within the time limited by law for such actions. It is argued that under the facts alleged the plaintiffs have a fully adequate and concurrent remedy in conversion and that despite the "equitable" manner in which these causes are pleaded they are nonetheless governed by the shorter period of limitations applicable to an action in conversion. We agree with this view and conclude that these causes are barred. It is apparent that if the facts as alleged were proven, the defendant could be guilty of converting the funds of the plaintiff. "It is universally conceded that knowledge upon the part of a bank that deposits made by a debtor of the bank in his own name belonging to a third person absolutely precludes the bank from applying such funds to the individual indebtedness of the depositor to it." (5 N Y Jur, Banks and Trust Companies, § 417; *Baker* v. *New York Nat. Exch. Bank,* 100 N. Y. 31.) It thus appears that the facts alleged make out causes of action in conversion. This being so and the conversion action affording complete relief we conclude that the three-year period governing the institution of such actions is applicable. "When a legal and an equitable remedy exists as to the same subject-manner, the latter is under the control of the same statutory bar as the former" (*Keys* v. *Leopold,* 241 N. Y. 189, 193). "The true test as to the applicability of the ten-year statute to an action in equity when a party also has a cause of action at law, seems to be whether the complaint states facts upon which a complete recovery might be had in a law action" (*Hanover Fire Ins. Co.* v. *Morse Dry Dock & Repair Co.,* 270 N. Y. 86, 90). The cases cited by the plaintiff purporting to hold to the contrary are inapposite. In those cases—unlike the instant case—the action at law did not afford as complete a recovery as would the action in equity.

The Third through Seventh causes of action for money had and received are similar in nature and differ only in the respect that they are addressed to the several claims of the respective plaintiffs. These causes are subjected to a dual attack by the defendant. They are alleged to be insufficient in law and also (except as to the Third cause of action in behalf of the infant) barred by the Statute of Limitations. We conclude that these causes are impervious to attack on either ground. An action for money had and received—in effect an action on a contract implied in law—arises when "the acts of the parties or others have placed in the possession of one person money * * * under such circumstances that in equity and good conscience he ought not * * * retain it, and which *ex æquo et bono* belongs to another" (*Miller* v. *Schloss,* 218 N. Y. 400, 407). While not pleaded as definitely as they might be, they are sufficient within the broad confines of an action for money had and received (see *Cohen* v. *City Co. of N. Y.,* 282 N. Y. 112).

The second attack is based upon the proposition that since an action for conversion will also lie upon the facts alleged in these causes, the three-year Statute of Limitations applies rather that the six-year statute applicable to an action for money had and received. Assuming that actions in conversion may be made out from these allegations, the six-year Statute of Limitations still applies. While, as indicated in our discussion concerning the First and Second causes of action, the concurrence of a legal and equitable remedy results in the application of the shorter legal period of limitations, it does not follow that where two legal remedies are concurrently available the shorter Statute of Limitations is applicable. To the contrary it has been held that where actions for both conversion

and money had and received will lie on the facts alleged, the plaintiff may elect to proceed on the latter theory and that such cause will be governed by its own period of limitations (*Dentists' Supply Co. of N. Y.* v. *Cornelius Prods. Co.*, 281 App. Div. 306, affd. 306 N. Y. 624; see, also, *King* v. *King*, 13 A D 2d 437; 10 N Y Jur, Conversion, § 3).

The Eighth cause of action, attacked on the grounds of insufficiency and as being barred by the Statute of Limitations must be dismissed. On this appeal the defendant appears content to base his attack solely on the bar of the Statute of Limitations and on that point his position must be sustained. The cause is clearly alleged as one in conversion only and is accordingly barred by the three-year period of limitations except, of course, as to the infant plaintiff.

The Ninth and Twelfth causes of action, sought to be dismissed by reason of insufficiency and the bar of the Statute of Limitations, should be dismissed on the first ground advanced. While they are not pleaded with precision they appear to be attempts to make out causes in fraud and deceit. However, as such they are defective in that they do not contain all the allegations necessary to fraud actions. It appears that they are deficient with respect to pleading reliance and damage. The fraud claimed is that the defendant misrepresented that the Federal District Court had adjudicated that the defendant was entitled to retain the moneys here involved. Plaintiffs allege that as a result they stipulated to discontinue a Federal court action seeking to recover such funds. However, they do not show how they were damaged thereby. To the contrary, it is alleged that the discontinuance was without prejudice. In fact, if fraud there was, they had ample time within which to recommence their actions before the expiration of the applicable period of limitations. Accordingly, these causes are fatally defective in such respects as require a dismissal and without leave to replead.

The Tenth cause of action, also sounding in fraud, is likewise attacked for insufficiency and on the ground that it is barred by the Statute of Limitations. We find this cause to be insufficient and should be dismissed. It is alleged that in response to a letter to the defendant demanding the return of the money, the defendant replied that "An examination of our files fails to reveal any basis for such a claim". It is contended that such "representation" was knowingly false. It is apparent that here, as in the Ninth and Twelfth causes, there is no allegation of reliance to the plaintiff's damage. Nor is an opportunity to replead with the possibility of supplying such omission warranted. This cause suffers from an inherent and basic defect. The alleged misrepresentation is of such a nature as to compel the conclusion that it could not have been reasonably relied upon by the plaintiff, so as to cause him to act or to refrain from acting, to his detriment. The statement of the defendant is nothing more than its appraisal of the claim presented and a disclaimer of liability. Absent an acceptable allegation of reasonable reliance, if indeed there was a representation rather than an opinion by the defendant as to the merit of the claim, no cause of action in fraud can be made out.

The Eleventh cause of action is sought to be dismissed by reason of the bar of the Statute of Limitations. We do not consider the sufficiency of this pleading brought under the Debtor and Creditor Law because of the absence of a motion directed thereto. However, with respect to a cause based upon an alleged conveyance in fraud of creditors, we conclude that the controlling period of limitations is in no event shorter than the six-year period provided for in section 48 of the Civil Practice Act. This action having been commenced within such period the cause is not barred.

Accordingly, the order denying the motion to dismiss should be modified on the law, to the extent of dismissing the Ninth, Tenth and Twelfth causes of

action for insufficiency, and the First, Second and Eighth causes of action, except as to the infant plaintiff, as being barred by the Statute of Limitations, and as so modified should be affirmed, without costs.

Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ., concur.

Order entered on April 17, 1961, denying the motion to dismiss, unanimously modified on the law, to the extent of dismissing the Ninth, Tenth and Twelfth causes of action for insufficiency, and the First, Second and Eighth causes of action, except as to the infant plaintiff, as being barred by the Statute of Limitations, and as so modified affirmed, without costs. Settle order on notice.