(13 App. Div. 436.)

In re ST. LAWRENCE STATE HOSPITAL FOR THE INSANE.

(Supreme Court, Appellate Division, Fourth Department.   January 27, 1897.)

PAUPERS—LIABILITY OF RELATIVES FOR SUPPORT.
    The St. Lawrence State Hospital for the Insane is not entitled to indemnification for the support of an insane pauper from his relatives, under Laws 1887, c. 375, § 7, giving it the same authority to enforce indemnification from the relatives as is possessed by town and county overseers of the poor, since the authority formerly possessed by them (Code Cr. Proc. §§ 914–926)

was abrogated by Laws 1890, c. 126, § 7, charging the support of pauper insane on the state, instead of, as before, on the towns and counties, and Laws 1896, c. 545, though repealing Laws 1890, c. 126, contains no provision restoring that authority.

Appeal from court of sessions, Lewis county.

Application by the St. Lawrence State Hospital for the Insane for an order compelling Fred Fowler, as committee of the person and property of Christian Holsworth, to provide for the support of John Holsworth, an insane and indigent son of said Christian Holsworth. From an order denying the application, applicant appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

George H. Walker, for appellant.
Fred C. Schraub, for respondent.

FOLLETT, J.    The liability of fathers, mothers, and children of insane adult paupers to support them arises solely from the statutes which are designed to indemnify the civil divisions mentioned therein from the cost of supporting such paupers.    2 Kent, Comm. (13th Ed.) 190.    When insane paupers were chargeable to towns and counties, the statutes authorized proceedings for their indemnification (1 Rev. St. p. 614), which provisions were incorporated into sections 914 to 926, inclusive, of the Code of Criminal Procedure.    It is not asserted that the petitioner in this case, the treasurer of the St. Lawrence State Hospital, is authorized to institute these proceedings solely by virtue of the Code of Criminal Procedure, but that he is by it and by section 7 of chapter 375 of the Laws of 1887. The St. Lawrence State Asylum for the Insane was established by chapter 375 of the Laws of 1887, the seventh section of which provides:

"Sec. 7. The treasurer of the St. Lawrence State Asylum for the Insane shall be vested with the same powers, rights and authority which are now by law given either to superintendents of the poor or to overseers of the poor in any county or town of the state, so far as may be necessary for the indemnity and benefit of the asylum, and for the purpose of compelling a relative or committee to defray the expenses of a lunatic's support in the asylum, and reimburse actual disbursements for his necessary clothing and traveling expenses, according to the by-laws of the institution; also for the purpose of coercing the payment of similar charges, when due, according to said by-laws, from any town, city or county that is liable for the support of any lunatic in said asylum."

When insane paupers were chargeable to towns and counties, this section undoubtedly conferred authority on the treasurer to institute proceedings like this, and was designed to enable him to enforce the liability of relatives in case their liability was not enforced by the overseer of the poor of the town to which the pauper was chargeable, or by the superintendent of the poor of the county to which the pauper was chargeable.    But when this proceeding was begun, in February, 1895, the cost of maintaining John Holsworth, the insane pauper, was not chargeable to any town or county, but was borne by the state.    By chapter 126 of the Laws of 1890, the support of insane paupers, except those chargeable to the counties of New York, Kings, and Monroe, was provided for by the state.    By

the seventh section of this statute it was provided that all the pauper insane of all the counties of the state, except New York, Kings, and Monroe, should not be chargeable to any county after October 1, 1890, but that the cost of their support should be paid by the state of New York. This statute was in existence when this proceeding was begun, but we find no authority in it, nor in any other statute prior to chapter 545 of the Laws of 1896 (which repealed chapter 126 of the Laws of 1890), for the indemnification of the state by the relatives of insane paupers for their support; and in the absence of such a statute the courts are without power to compel a father to indemnify the state for the expense of maintaining in a state asylum his insane, indigent son. Sections 65 and 66 of chapter 545 of the Laws of 1896 provide, to some extent, for the indemnification of the state by the father, mother, husband, wife, and children of an insane pauper for the expenses incurred by the state for his or her support, but these sections do not support this proceeding.

The order should be affirmed, with costs. All concur; WARD, J., in result.