## WELLS v. SCOFIELD.

(Supreme Court, Appellate Division, Third Department. May 7, 1913.)

1. COURTS (§ 189*)—INFERIOR COURTS—JURISDICTION—APPEARANCE—WAIVER OF OBJECTIONS.

Defendant, sued in a City Court, who appears and submits to the jurisdiction of the court, thereby waives any defect in the complaint failing to show that the City Court had jurisdiction of him.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

2. COURTS (§ 189*)—INFERIOR COURTS—COMPLAINT—WANT OF JURISDICTION.

Under Code Civ. Proc. § 2939, authorizing a demurrer to the complaint because not stating facts constituting a cause of action, an objection that the complaint in an action in a City Court does not state a cause of action does not reach the question of jurisdiction of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

3. PARENT AND CHILD (§ 3*)—ACTIONS FOR NECESSARIES FURNISHED CHILD—EVIDENCE—ADMISSIBILITY.

One suing the administratrix of decedent for goods sold and delivered to a child of decedent may show the appearance of the child as bearing on the question of his age.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 33–62; Dec. Dig. § 3.*]

4. PARENT AND CHILD (§ 3*)—ACTIONS FOR NECESSARIES FURNISHED CHILD—EVIDENCE—ADMISSIBILITY.

Where, in an action against the administratrix of a decedent for goods sold and delivered to a child of decedent, the sale to the child was undisputed, and the purchase by the child was ratified and the liability of decedent was acknowledged, in the absence of any evidence by defendant, a prima facie case was established.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 33–62; Dec. Dig. § 3.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Tompkins County Court.

Action by Aaron Wells against Carrie L. Scofield, administratrix of Frederick R. Scofield, deceased. From a judgment of the County Court reversing a judgment of the City Court of Ithaca for plaintiff, he appeals. Reversed, and judgment of City Court affirmed.

See, also, 139 N. Y. Supp. 1149.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Aaron G. Mintz, of Ithaca, for appellant.

Miller & Stephens, of Ithaca, for respondent.

SMITH, P. J. The County Court has reversed this judgment without opinion, and without any indication of the errors which were deemed to impair the same. Not having reversed the judgment as against the weight of evidence, we must assume that the reversal was upon the law, and upon that assumption will consider the questions raised.

[1] This reversal is sought to be sustained, first, upon the ground that the complaint failed to state the residence of the parties, and thus failed to show that the City Court of Ithaca had jurisdiction of the defendant. Whether or not the complaint was sufficient to show the jurisdiction of the City Court of Ithaca, the defendant's intestate has waived any defect therein by appearing and submitting to the jurisdiction of the court. Bunker v. Langs, 76 Hun, 543, 28 N. Y. Supp. 210.

[2] It is contended by the respondent's counsel that the question of the jurisdiction of the court was raised first by demurrer. In the first place, the grounds of the demurrer do not appear in the record. But, even if by the demurrer the jurisdiction of the court had been challenged, that fact would not avail respondent. The practice in the City Court of Ithaca as to its pleadings is regulated by the provisions of the Code applicable to Justice's Court. By section 2939 of the Code of Civil Procedure, regulating pleadings in Justice's Court, it is not the office of the demurrer to raise the question of the jurisdiction of the court. The objection that the complaint does not state facts sufficient to constitute a cause of action does not reach this question. If the mere statement of this proposition need corroboration, such may be found in the provision for demurrer in the Supreme Court, wherein a party is allowed to demur either on the ground that the court has not jurisdiction of the person or subject-matter, or on the ground that the complaint does not state facts sufficient to constitute a cause of action. The respondent here further claims to have raised the question by a motion to dismiss the complaint. The record does not show that any such motion was made upon the ground that the court had no jurisdiction of the defendant, or upon the ground that the complaint was defective in not alleging jurisdictional facts.

[3, 4] If the judgment of reversal can stand, it must stand upon a holding that the facts proven do not warrant the judgment. The defendant did not appear upon the stand, and no witnesses were sworn

in her behalf. The sale of the goods to the son of defendant's intestate is shown beyond question. While the son's age is not specifically shown, we think enough has been shown to establish a prima facie case of his infancy. The plaintiff should have been allowed to show the appearance of the boy as bearing upon the question of his age, but such evidence was excluded by the city judge. The boy, however, was an underclassman in Cornell University. He was spoken of as "the boy" by defendant's intestate in a letter written to the plaintiff. In that letter the purchase by the boy was in fact ratified, and the liability of the defendant's intestate was acknowledged. In the absence of any evidence on the part of the defendant and with the actual sale undisputed and unquestioned, we think it should be held that a prima facie case was made which called upon the defendant to show either that the boy was of age, or that the goods were not necessaries within the provision of the law. Therefore the judgment cannot be said to have been without evidence.

We are unable to find any valid ground for the reversal of the judgment, and it follows that the judgment of the County Court must be reversed, with costs, and the judgment of the City Court affirmed.

Judgment reversed, with costs, and judgment of the City Court affirmed. All concur.