EMPIRE TRUST COMPANY, as Committee of the Property of MILDRED K. E. FELL, an Incompetent Person, Appellant and Respondent, *v.* HERBERT N. FELL, Respondent and Appellant.

(Argued March 4, 1936; decided April 21, 1936.)

*Joseph R. Kelley, S. F. Sendrowski* and *Joseph B. Uniacke* for plaintiff, appellant and respondent.

*Hartwell Cabell* and *Joseph S. Catalano* for defendant, respondent and appellant.

*Per Curiam.* The following questions are certified:

On motion of plaintiff:

" Are the facts alleged by the defendant in the first partial defense contained in the answer to the complaint herein sufficient in law to constitute a partial defense to the cause of action alleged in the complaint herein? "

On motion of defendant:

" 1. Are the facts alleged by the defendant in his second partial defense in his answer sufficient in law to constitute a partial defense to the cause of action alleged in the complaint herein?

" 2. Are the facts alleged by the defendant in his third partial defense in his answer sufficient in law to constitute a partial defense to the cause of action alleged in the complaint herein?

" 3. Are the facts alleged and incorporated by the defendant in his fourth separate and complete defense in his answer sufficient in law to constitute a complete defense to the cause of action alleged in the complaint herein? "

The fourth separate and complete defense alleges that if the incompetent were of sound mind and had knowledge of the facts alleged in paragraphs 6, 18, 19, 20, 30 and 31 of the answer she would not have brought this

action. The allegations of fact in those paragraphs set forth that a substantial part of the property of the incompetent became part of her separate estate by reason of contributions made by defendant, that prior to the appointment of the committee all of the separate estate of the incompetent as well as the separate estate of the defendant was used jointly by both for their common benefit and for that of their children, that during the years 1919 to 1924 defendant at great expense provided for the maintenance of his wife, the incompetent, but that since the year 1924 his financial resources have been greatly reduced and the use of the income from the separate estate of the incompetent for her maintenance became necessary. Although this is an action at law for a sum of money only, the rules prevailing in equity in relation to the power of the Supreme Court to direct a committee to act in accordance with the probable desire of an incompetent (*Matter of Lord*, 227 N. Y. 145; *Matter of Brown*, 212 App. Div. 677; affd., 240 N. Y. 646; *Matter of Flagler*, 248 N. Y. 415; *Matter of Hills*, 264 N. Y. 349) apply. In an action at law, equitable defenses may be interposed. (*Susquehanna S. S. Co.* v. *Anderson & Co.*, 239 N. Y. 285.) The allegations in this defense may properly be considered by the court on the trial. That part of the order of the Appellate Division striking out the fourth complete defense should be reversed.

The order appealed from should be modified in accordance with this opinion and as so modified affirmed, without costs; the question certified at the request of the plaintiff and third question certified at the request of the defendant should be answered in the affirmative and the first and second questions certified at the request of the defendant should be answered in the negative.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.