In the Matter of the Petition of DANIEL MAY to Render and Settle His Account as Executor, etc., of CAROLINE MAY, Also Known as KAROLINE MAJ, Deceased.*

ELIZABETH M. MAY, Administratrix c. t. a., etc., of ISAAC MAY, Deceased, Claimant and Objector, Appellant; DANIEL MAY, as Executor, etc., of CAROLINE MAY, Also Known as KAROLINE MAJ, Deceased, and CYRUS S. JULLIEN, as Special Guardian of REBECCA MAY, an Incompetent, Respondents.

Second Department, June 24, 1938.

* Affg. 160 Misc. 497. See, also, Id. 640.

*Israel I. Davidson* [*Daniel McNamara, Jr.,* with him on the brief], for the appellant.

*Jerome A. Strauss,* for the executor-respondent, Daniel May.

*Cyrus S. Jullien,* special guardian, respondent.

CARSWELL, J. Two claims have been disallowed and objections to the accounts of the executor of Caroline May, founded thereon, have been rejected. The chief claim is for $37,416.69, presented by the administratrix *c. t. a.* of Isaac May, deceased. It is asserted that during an undefined period ending December 10, 1933, Isaac May advanced these moneys for the support of his sister, Rebecca May, who was adjudged an incompetent August 7, 1920, although no committee of her property was ever appointed.

Caroline May was the mother of Isaac and Rebecca. No claim was ever advanced against the estate of his mother by Isaac May during his lifetime. We need not recount certain facts which indicate that he did not believe he had, nor did he desire to assert, a claim which would deplete his mother's comparatively small estate, out of which provision for the incompetent, Rebecca, had been made. We will state only so much of the facts as are needful to reveal the application of a basic principle determinative of the question here involved.

No express contract to pay for the support of the incompetent Rebecca, or to reimburse for moneys advanced therefor is asserted to have been made by the deceased mother, Caroline May. The mother died July 17, 1925, hence no claim of the nature here involved which would concern any period subsequent to that date may be asserted against her estate. (*Matter of Willis,* 94 Misc. 29; affd., 175 App. Div. 933.)

As the claim was not presented until August 9, 1935, if it rests on contract it is barred by the six-year Statute of Limitations. (Civ. Prac. Act, § 48.) To avoid this outcome, the claimant asserts

that the claim is equitable in its nature and, therefore, the ten-year limitation statute applies (Civ. Prac. Act, § 53) and the period is extended for eighteen months (Civ. Prac. Act, § 21), and that, therefore, the claim is not barred. To sustain such an equitable claim, it must appear that the moneys were advanced by Isaac May to discharge a common-law or statutory duty resting on his mother, Caroline May, for the support of the incompetent daughter, Rebecca May. The existence of this element is indispensable. (*De Brauwere* v. *De Brauwere*, 203 N. Y. 460; *Laumeier* v. *Laumeier*, 237 id. 357.) In those cases the equitable claim rested on the common-law duty of a husband to support his wife and infant children. Here, the mother was under no duty at common law to support the *adult* incompetent daughter, Rebecca. (*Matter of Fox*, 250 App. Div. 31, 35, and cases cited.) Her duty of support, if any, must be found in a statute. (*Matter of St. Lawrence State Hospital*, 13 App. Div. 436.)

The statutory duty of support is of a limited character. (Former Insanity Law, § 86, now Mental Hygiene Law, § 80.) It is not broad enough to include the situation here. That section, *inter alia*, contemplates that the incompetent be supported from her separate estate if she has one. On the claimant's own showing, it appears that the incompetent Rebecca had and has such an estate.

The incompetent having an estate, no duty of support rested upon her mother either at common law or by statute. There is, therefore, no basis upon which an equitable claim may be founded in favor of appellant's decedent, Isaac May, against his mother or her estate for moneys advanced to support his incompetent adult sister.

In any event, on April 1, 1919, Isaac May, for a consideration, contracted with his mother, brothers and sisters to seek reimbursement from the estate of the incompetent for advances thereafter made by him for the support of the incompetent. This precludes the allowance of a claim against the estate in favor of Isaac May or his successor upon the facts alleged and the showing made herein.

The surrogate's determination as to the above claim was correct independently of which Statute of Limitations is applicable.

This makes it unnecessary to decide whether or not the claim is barred in any event by the six-year Statute of Limitations on the theory that if the claim had a valid basis it could be enforced at law (*Wells* v. *Scofield*, 157 App. Div. 8; *Dixon* v. *Chapman*, 56 id. 542) as well as in equity (*De Brauwere* v. *De Brauwere, supra*), and, therefore, the six-year statute would apply (*Rundle* v. *Allison*,

34 N. Y. 180; *Butler* v. *Johnson,* 111 id. 204, 217; *Keys* v. *Leopold,* 241 id. 189), because where both remedies are available in respect of a given claim, the shorter statute is controlling.

The second claim, of $1,684, was rejected by the surrogate, except an allowance of $735.75 advanced by Isaac May for expenses of his mother's funeral. The propriety of the item allowed may not be considered, as the executor has not appealed. The balance of the claim relates to alleged advances made by Isaac May for the benefit of his mother during her lifetime. The mother, as has been indicated, died July 17, 1925, and this claim was not presented until December 23, 1935. Apart from the possible effect of a payment by a volunteer, the claim, so far as rejected, is barred by the six-year Statute of Limitations (Civ. Prac. Act, § 48) which the executor is under an imperative duty to invoke. (*Butler* v. *Johnson,* 111 N. Y. 204, 212.) Moreover, as Isaac May was executor under the will of his mother, and, without having her will probated, acted up to his death December 10, 1933, as executor *de son tort* for more than eight years without reimbursing himself, it is clear he had no intention to assert such a claim against the estate of his mother. The character of his administration of his mother's estate during this period did not suspend the running of the statute.

The decree judicially settling the account of the executor of the estate of the deceased should be affirmed, with costs, payable by the appellant personally.

Present — LAZANSKY, P. J., CARSWELL, DAVIS, ADEL and CLOSE, JJ.

Decree of the Surrogate's Court of Kings county unanimously affirmed, with costs, payable by the appellant personally.