In the Matter of the Final Inventory and Account of JOSEPH HOFMANN, JR., Committee of the Estate of MARY HOFMANN, an Incompetent Person and an Inmate of Creedmoor State Hospital.

DEPARTMENT OF MENTAL HYGIENE OF THE STATE OF NEW YORK and CREEDMOOR STATE HOSPITAL, Appellants; JOSEPH HOFMANN, JR., Committee of the Estate of MARY HOFMANN, an Incompetent Person, JOSEPHINE M. CAIN, Special Guardian, and NATIONAL SURETY CORPORATION, Surety on Committee's Bond, Respondents.

Second Department, March 31, 1941.

*Robert P. Beyer, Assistant Attorney-General [John J. Bennett, Jr., Attorney-General; Hyman Wank, Assistant Attorney-General, with him on the brief], for the appellants.*

*William A. Bacher*, for the respondent Joseph Hofmann, Jr.

*John R. Partheymuller*, for the respondent National Surety Corporation.

PER CURIAM. This is an appeal from an order judicially settling and allowing the final account of a committee of an incompetent and overruling an objection to an item of $1,500.

The claim of the State for $2,192, which was compromised and released on a payment of $1,500, was a claim against the estate of the incompetent's father and not against the incompetent's estate. The payment on that claim of $1,500 from the incompetent's estate was, therefore, a proper subject of objection on the settlement of the accounts of the committee of the incompetent. The check for $1,500 which was delivered to the Creedmoor State Hospital did not, upon its face or as a consequence of its indorsement, disclose that the source of the funds was the estate of the incompetent. It was drawn by one bank against another bank and indorsed individually by Joseph Hofmann, Jr., without revealing the capacity in which he was indorsing. He was at that time committee of the incompetent and also one of the executors of the estate of the decedent, the incompetent's father. The release from the State of New York ran to the estate of the decedent and the executors thereof and not to the incompetent or her committee as such. It recited payment by the decedent's estate, although it now appears that the decedent's estate did not furnish any consideration for the release.

During the period prior to decedent's death, so far as this record discloses, the incompetent had no estate from which to reimburse the State for her maintenance in the State institution other than a possible sum of $156.94, which amount was wholly inadequate to meet the claim of the superintendent of the State Hospital for $2,192 made against the estate of the incompetent's father for maintenance furnished to the incompetent prior to the death of the said father on March 31, 1937.

The incompetent had been an inmate of State institutions since September 19, 1912, and on October 22, 1926, had been transferred to Creedmoor State Hospital. It was the latter institution which received the payment of $1,500. Apparently the incompetent was an adult during the period of her maintenance in Creedmoor State Hospital. Assuming, therefore, that she was an adult incompetent, there was no common-law obligation on the father to support her. (*Matter of May*, 255 App. Div. 31; *Matter of Fox*, 250 id. 31, 35; *Matter of St. Lawrence State Hospital*, 13 id. 436.)

As a consequence of the enactment of chapter 43 of the Laws of 1935, in effect February 16, 1935, amending section 24-a of the Mental Hygiene Law, an obligation was imposed on a " father " to reimburse the State for such support. That section prior to that amendment required reimbursement for such support " from relatives who are liable therefor," and there was no liability on the part of the decedent until the amendment of section 24-a of the Mental Hygiene Law in 1935. The $2,192 claim was for a period of six years prior to the death of the incompetent's father. It was made on a basis of a charge of one dollar a day. The only period prior to his death that the incompetent's father was under any statutory duty to reimburse the State for the support of the incompetent (she was not adjudicated an incompetent) was from February 16, 1935, to March 31, 1937, the day of his decease. That was a period of 775 days. Therefore, the decedent's estate was obligated to pay $775 of the $1,500 that was improperly paid out of the incompetent's estate. The incompetent was obligated to pay for the support furnished by the State out of her own separate estate, if one was in existence at the time the obligation to pay accrued. When the obligation to pay for the period ending March 31, 1937, accrued, the incompetent had no estate except $156.94. Therefore, the estate of the incompetent's father was obligated to pay for the period just referred to the sum of $775, less $156.94, the net obligation being $618.06. (*Matter of Wright*, 172 Misc. 215.) Section 80 of the Mental Hygiene Law imposed no obligation on the father because the daughter was not at that time adjudicated incompetent or insane.

In order to avoid further applications to the court, the respective obligations of the decedent's estate and of the incompetent's estate will be adjusted and the improper commingling of the affairs of the incompetent's estate and the decedent's estate, while disapproved, will be disregarded.

The only portion, therefore, of the $1,500 paid to the State properly taken from the estate of the incompetent was the excess over and above $618.06, which amount is $881.94. That amount is accordingly allocated against the incompetent for reimbursement of the State for the period prior to February 16, 1935, which period and the period up to March 31, 1937, were made the subject of a $1,500 adjustment or settlement with the State.

The committee, therefore, is surcharged $618.06, the part of the settlement properly chargeable against the decedent's estate, of which the committee is an executor. This practical adjustment is made to avoid surcharging the committee for the entire amount of $1,500 and then having him make a claim as executor against

the incompetent's estate for payment of so much of the $1,500 as is properly chargeable against the incompetent so far as the State of New York is concerned, as a consequence of her coming into funds after the death of her father.

The order judicially settling and allowing the final account of the committee for the incompetent should be modified by directing that the committee be surcharged the sum of $618.06, and, as thus modified, the order should be affirmed, with one bill of costs to the appellants, payable by the committee personally.

The appeal from the order denying reargument should be dismissed as not appealable.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and ADEL, JJ.

Appeal from order denying reargument dismissed as not appealable.

Order judicially settling and allowing the final account of the committee of the incompetent modified by directing that the committee be surcharged the sum of $618.06, and, as thus modified, unanimously affirmed, with one bill of costs to the appellants, payable by the committee personally.

Settle order on notice.