Per Curiam.

The incompetent’s aunt, of whose estate the incompetent inherited a one-fourth share, died on December 11, 1941. The incompetent’s committee was appointed on June 23, 1942. Although there was no committee in existence to obtain possession of the inheritance until after the repeal of the former section 24-a of the Mental Hygiene Law on May 8, 1942, never *37 theless the inheritance vested in the incompetent upon the death of her aunt (Matter of Hilliard, 164 Misc. 677, 692; Matter of Cusimano, 173 Misc. 382, 383; 26 C. J. S., Descent and Distribution, § 65). Upon the death of her aunt the incompetent therefore became subject to any liability imposed by former section 24-a of the Mental Hygiene Law (L. 1940, ch. 805). That section provided for reimbursement to the State for the cost of maintenance of inmates in State institutions under circumstances specified therein, and subdivision 2 read in part as follows: “ If the property of such patient or inmate is sufficient the committee shall pay for institutional maintenance incurred prior to the appointment of the committee.”
The State became entitled to reimbursement pursuant to former section 24-a of the Mental Hygiene Law (see Matter of Hofmann, 261 App. Div. 556). Such right already accrued, was not lost to the State by the repeal of that section and the enactment of a new section by chapter 747 of the Laws of 1942 effective May 8, 1942 (General Construction Law, § 93).
The order insofar as appealed from, should be reversed on the law and the claim allowed in the sum of $2,743.68, without costs.
All concur. Present — Taylor, P. J., McCurn, Love, Kimball and Piper, JJ.
Order, so far as appealed from, reversed on the law, without costs of this appeal to any party, and claim allowed in the sum of $2,743.68, without costs.