Johh D. Bennett, S.
The executor has petitioned for a judicial settlement of his account.
Of particular interest in this proceeding is a claim made by Hew York State, which was declined by the estate’s representative. The claim is for $2,948 for care, maintenance and treatment of the incompetent daughter of the decedent, which the executor admits had accrued prior to the death of the decedent. The significant feature that distinguishes this claim from those discussed in the cases cited, is that the commissioner insists on pursuing his claim against the father’s estate, even though the incompetent daughter has an estate which is admittedly sufficient to satisfy the claim and, in addition, will receive on distribution here from the father’s estate, a sum in excess of the amount sought.
The question thus squarely presented to this court is whether the Department of Mental Hygiene is required to look first to the assets of the incompetent, when they are admittedly sufficient to pay the State’s claim, or whether the language of section 24 of the Mental Hygiene Law permits the department to seek payment in the first instance from husbands, wives, fathers and such other persons as are specifically mentioned in section 24.
Subdivisions 1 and 2 of section 24 read as follows:
“ 1. The institutions in the department shall be maintained for the care and treatment of poor and indigent persons as defined in section two of this chapter. The commissioner may permit persons who are neither poor nor indigent to be maintained and treated in such institutions or in family care, conditioned upon prompt and regular payments for such care, maintenance and treatment in amounts as fixed by the commissioner. In the discretion of the commissioner, the amounts so fixed may be at the reimbursement rates or in excess thereof. The commissioner in his discretion may accept payments for such services at less than the reimbursement rate but the acceptance of payments at less than the reimbursement rate shall not be construed to release a patient, his estate, committee or guardian, or the trustee of a trust fund established for his support, from liability for payment of the difference between the amount fixed, accepted or paid and the full reimbursement rate.
‘1 2. The committee, guardian, or trustee of a trust fund established for the support of a patient shall be jointly and severally *279 liable and responsible for payments for care, treatment and maintenance provided for in the preceding subdivision, and the husband, wife, father, mother and children of such patient, if such relatives are of sufficient ability, shall also be jointly and severally liable and responsible for such payments, any other provision or rule of law to the contrary notwithstanding.”
Of section 24, Surrogate Page writing in Matter of Mangan (83 N. Y. S. 2d 393, 401-402) states: “ A study of Section 24 of the Mental Hygiene Law shows that the draftsman of the bill which, upon its enactment, became this section (together with members of committees to which it was referred), was not gifted with a keen imagination capable of contemplating the varying circumstances under which the statute might be called into play. Also, the statute, as a whole, abounds in ambiguities so that, altogether, although the draftsman of the bill might ordinarily have been competent and skillful, he must have been having an off-day when he operated on the general idea that there ought to be a law that says a patient owning property shall be liable for his maintenance by the State, and his specified relatives of sufficient financial ability should also be liable. The entire section needs overhauling, but, of course, that would be a task for the Legislature. Except for the usual good judgment and fairness of the Department, this section’s ambiguities would have produced far more litigious results than it has.”
The Code of Criminal Procedure also contains provisions pertaining to the reimbursement of the State for the cost of the maintenance of inmates of State institutions.
Section 926-b reads as follows: “Liability for support of patients and inmates. The father, mother, husband, wife or children of a patient or inmate admitted or committed to any state institution shall be liable, if of sufficient ability, for the support and maintenance of such patient or inmate from the time of his reception in such institution, including the period such patient is in family care. ’ ’
Subdivisions 1 and 2 of section 926-c read as follows:
“ 1. Proceedings may be maintained pursuant to the provisions of this title to compel the support and maintenance of any patient or inmate in a state institution, or in family care, who is either unable or who refuses or neglects to pay for Ms support and maintenance therein.” (Italics ours.)
“ 2. The department of mental hygiene may, upon a verified petition made by any duly authorized agent or representative of the department, apply to the court or a judge thereof for an order to compel the support and maintenance of any such patient or inmate by one or more of'the relatives liable therefor. *280 A notice of the time and place where such application will he made shall be directed to such relative or relatives and shall be served upon him or them personally or in such other manner as the court or.judge may direct.”
The Criminal Code contemplates payment by the incompetent where he has sufficient funds, before resort is made to other persons. A similar construction of section 24 of the Mental Hygiene Law would maintain a consistent statutory pattern. It is significant that this section of the Criminal Code and section 24 of the Mental Hygiene Law have been considered together by one Legislature and amended by the same acts (L. 1942, ch. 747; L. 1946, ch. 767).
Section 80 of the Mental Hygiene Law, which establishes the statutory liability for the support of mentally ill persons, has been stated to provide that an incompetent must be first supported from his separate estate before any relative is subject to liability. The court in Matter of May (255 App. Div. 31, 33) stated: “ The statutory duty of support is of a limited character. (Former Insanity Law, § 86, now Mental Hygiene Law, § 80.) It is not broad enough to include the situation here. That section, inter alla, contemplates that the incompetent be supported from her separate estate if she has one.”
However, the State in its reading of section 24 overlooked the importance of the critical word ‘ ‘ also ’ ’, and the significant grouping of classes of persons in the section. Subdivision 2 of the section consists of one sentence which may be divided into parts. The first portion deals with the responsibility of representatives of an incompetent for his support. The second part of the sentence deals with the responsibility of other persons for the incompetent’s support and states that they “ also ” shall be liable.
The section, as has been previously pointed out, is poorly worded but the significance of the separate grouping of classes of persons responsible for an incompetent’s support may not be overlooked in light of the legislative intent clearly expressed in related statutes which deal with incompetents.
The authority cited by the State in its memorandum does not require a contrary conclusion. Matter of Buderman (266 App. Div. 935); Matter of Mangan (83 N. Y. S. 2d 393) and other authorities cited by the Attorney-General, pertain to the liability of the estate of a parent where there has been no showing that the parent was of “ sufficient ability” during the period the debt accrued. They do not, however, deal with the liability of a parent’s estate where the incompetent has and had an estate sufficient to satisfy the debt. On the other hand, the *281 Appellate Division, Second Department, in Matter of Hoffmann (261 App. Div. 556, 558) in construing section 24-a of the Mental Hygiene Law (now § 24) stated: “ The incompetent was obligated to pay for the support furnished by the State out of her own separate estate, if one was in existence at the time the obligation to pay accrued. When the obligation to pay for the period ending March 31, 1937, accrued, the incompetent had no estate except $156.94. Therefore, the estate of the incompetent’s father was obligated to pay for the period just referred to the sum of $775, less $156.94, the net obligation being $618.06.”
Where, as here, the estate of the incompetent is and was sufficient to pay the obligation in question, it would seem unconscionable to look to others first. This generic principle may be inferred as having been recognized by the Legislature in its last amendment to section 24 (L. 1956, ch. 809) which relieved all persons other than the incompetent or his representatives from responsibility for payment of the difference in a rate originally fixed and a higher one subsequently determined as proper. Approval of this amendment was urged in a memorandum of the State Department of Mental Hygiene, which read:
“ Certain interested groups made strong objection to the language of section 24 of the Mental Hygiene Law which permits the Commissioner of Mental Hygiene to assess a retroactive or differential claim against patients or liable kin when it is discovered that substantial assets are available in their estates, which if known at an earlier date, might have caused a charge to be made at a higher rate.
“ Since there are strong factors of equity in favor of this amendment which will relieve heirs and distributees of deceased liable relatives of a potential obligation that might reduce or wipe out the estate, the Department approved this bill and now recommends that it be approved by the Governor.”
The claim of the State should be asserted against the incompetent’s committee and is disallowed in this proceeding.
No objection having been made, the claim of Glen Cove Nassau Union Trust Co., in the sum of $850 is disallowed. Pursuant to paragraph “ Third” of decedent’s will, the legacy bequeathed to Angela Doran shall be charged with the payment of the sum of $2,500 and the legacy bequeathed to Hedwig Blaney shall be charged with the payment of the sum of $500.
The account will be settled as filed.
Submit decree on notice.