John D. Bennett, S.
The State of New York objected to the disallowance of its claim against the estate for the care, maintenance and treatment of the incompetent daughter of the decedent. After hearing, this court held (Matter of Makowski, 8 Misc 2d 277) that the representative had properly disallowed the claim since, on the admitted facts, the incompetent daughter had an estate sufficient to satisfy the claim and that the State was required to satisfy its claim from the incompetent’s funds before proceeding against the father or his estate. On rehearing, the claimant now urges that the estate of the incompetent, prior to the decedent’s death, was insufficient to pay the claim and that at the time the obligation of the decedent accrued, the State had no knowledge of the true extent of the incompetent’s estate.
The assertion that the incompetent’s estate was insufficient is based in part upon the fact that her principal asset consisted of her interest, as a tenant by the entirety, in the family home and that the State as a matter of policy has determined that it would not require the sale of such property in order to meet this kind of obligation. The adoption of the policy may be questioned if it is at the expense of the relatives who are then required to bear the burden of support. Parenthetically it should be noted that the difficulties which might attach to a levy against an interest held as a tenancy by the entirety would not be present here since the husband would also be responsible for the claim.
*809 Even if the adoption of the policy and its application here were justified, the claim should be denied since the incompetent will receive a sum in excess of the amount of the claim on distribution of this estate. The claimant has stated that it also is its policy to revise or eliminate the established obligation of a relative for the care and maintenance of an incompetent, where the status of an impecunious incompetent changes upon the receipt of sufficient assets to meet the State’s charges for care. Had the amount, therefore, which the incompetent is about to receive from her father’s estate been received by her prior to his death, the incompetent’s estate would have been required to meet the claim and the father’s obligation would have ceased. No persuasive argument has been adduced to indicate why this rule should not also be invoked after the father’s death.
The argument that the incompetent’s legacy could be utilized for future rather than present support of the incompetent is, therefore, equally without merit.
The State’s contention that it was misled by the incompetent and her husband should not affect the father’s position.
Upon rehearing the court adheres to its original decision. If desired, the parties may submit an order on notice.