William J. Regan, S.
This a judicial settlement of the accounts of Downer B. Packwood as administrator with the will annexed under the will of Emmona Downer Packwood, *704 The Department of Mental Hygiene has filed a claim against the interest of Esther Packwood Chicco in the above estate for the sum of $3,111.40 for her support and maintenance while a patient at Buffalo State Hospital. The petitioner and the Department of Mental Hygiene both claim that the above sum should be paid by and deducted from the distributive share of this estate to be paid to Esther P. Chicco. Mrs. Chicco, the respondent, denied liability for this claim.
The will of the above decedent states: “ fifth, I hereby give, devise and bequeath the use of all the rest, residue and remainder of my property, whether real, personal or mixed, and wheresoever situated, and whether in possession or expectancy, during the term of his natural life to my son, Earl Surrey Packwood. Upon the death of my said son, Earl Surrey Pack-wood, I hereby give, devise and bequeath the remainder of all my property whether real, personal or mixed and wheresoever situated and whether in possession or expectancy in fee to my grandson, Downer Barker Packwood, and my granddaughter, Esther Packwood Sebring, equally, share and share alike.”
The facts herein are undisputed. The decedent, Emmona Downer Packwood, died in 1941. By the terms of her will her son, Earl S. Packwood, was given the use of her remainder estate for life and, upon his death, the remainder estate was to be divided equally between Downer Barker Packwood and Esther Packwood Sebring (now Esther P. Chicco) equally, share and share alike. There is no question with regard to the confinement of Esther P. Chicco in the Q-owanda State Hospital and the Buffalo State Hospital, nor that she is presently on convalescent care. The amount claimed by the Department of Mental Hygiene is not disputed. The contention of the respondent is that she is not liable for this claim but that said claim should be surcharged against the estate of her late father, Earl S. Packwood, on the ground that during the times she was receiving care and maintenance from the State .she was not of sufficient ability to pay for such care and maintenance.
Under the laws of this State a person who receives benefits is the primary obligor to pay therefor.
It is noted that the respondent had a vested remainder in this estate and a vested remainder is an expectant estate which is “ descendible, divisable and alienable, in the same manner as estates in possession.” (Real Property Law, § 59.) As a matter of fact, an assignment of respondent’s expectancy was given by her to the Erie County Department of Social Welfare to secure her indebtedness to it. The fact that such an interest may have a speculative value does not change the situation. As *705 a matter of fact, upon the death of the life tenant this interest now appears to be over $80,000.
Comparisons between the remainder interest which is vested to joint tenancies are not arguable because in the latter cases, depending upon the prior death of the subject, there may be no interest at all.
Matter of Makowski (8 Misc 2d 277, rehearing 7 Misc 2d 808) is quoted in the briefs of each of the interested parties. In this case, at page 809, it is stated: 1 ‘ Had the amount, therefore, which the incompetent is about to receive from her father’s estate been received by her prior to his death, the incompetent’s estate would have been required to meet the claim and the father’s obligation would have ceased. No persuasive argument has been adduced to indicate why this rule should not also be invoked after the father’s death.”
No proof was offered that the father of the respondent, the life tenant in this estate, was of sufficient ability to pay his daughter’s support and maintenance from the income of his life tenancy.
Argument has been made that even though the respondent’s interest was vested, and even though it was a valuable interest, such interest and enjoyment thereof was postponed to a later time, and therefore the value thereof was variable. This does not, however, alter the fact that the person receiving the benefits was the primary obligor.
Inasmuch as there is no argument that the respondent, as a patient, was never discharged from the hospital, the defense that the claim is barred by the Statute of Limitations is untenable.
The court believes that justice demands that payment of the claim of the Department of Mental Hygiene should be charged against the distributive share of Esther P. Chicco.