In the Matter of the Final Accounting of LINCOLN ROCHESTER TRUST COMPANY OF ROCHESTER, as Committee of ELEANOR L. LATTIMORE, an Incompetent, Respondent. OWEN W. LATTIMORE et al., Appellants; JOANNA A. SPEAR et al., Respondents. — Judgment unanimously modified on the law and facts in accordance with the memorandum and as modified affirmed, with costs to all parties filing briefs, payable out of the estate. Memorandum: The incom-

petent died on October 17, 1966 leaving a will dated August 19, 1960 by which she bequeathed all the securities and uninvested principal cash in her agency account at Security Trust Company to appellants. On September 25, 1961 she was adjudged incompetent and petitioner-respondent was appointed committee of her property. She was cared for in a hospital for five years prior to her death and the expenses of her hospital care exceeded the income from her estate by about $101,000. The judgment appealed from charges this amount proportionately against the agency account and the rest of her estate. The agency account was opened on October 17, 1957 by delivering to the agent securities received by the incompetent from the estate of her deceased sister, as one of her sister's heirs and next of kin and as assignee of the other heirs and next of kin to be administered in accordance with her sister's will which had been denied probate in Massachusetts because it had not been witnessed by three persons as required by the laws of that State. The will gave her a life estate and gave the remainder to appellants. She informed the agent that the securities constituted a trust fund to go to her cousin Owen Lattimore on her death in accordance with the will of her sister which had been denied probate. In order that the terms of the will might be carried out the other heirs had waived their claims in her favor and she was carrying out its terms as an unorthodox executor. She further informed the agent that the trust fund in its care was to go directly to Owen and Eleanor Lattimore and informed appellants that she was making a will giving the agency account to them that she was honor bound not to use any of the principal in the agency account. The evidence establishes that the agency account was a trust fund from which the income was to be paid to the incompetent for life and the remainder was to be paid to appellants with no right for the incompetent to invade the principal. (*Brown* v. *Spohr,* 180 N. Y. 201.) The evidence also establishes that the incompetent would not have used any part of the agency account principal had she been of sound mind. "The court acts for the incompetent in reference to his estate as it supposes the incompetent would have acted if he had been of sound mind" (*Matter of Farmers' Loan & Trust Co.,* 181 App. Div. 642, 646, affd. 225 N. Y. 666; *Empire Trust Co.* v. *Fell,* 271 N. Y. 72; *Matter of Flagler,* 248 N. Y. 415; 59 A. L. R. 649), and, therefore, no part of the expense of the incompetent's care should be charged against the agency account. (Appeal from judgment of Wayne County Court judicially settling accounts of committee.) Present.— Goldman, P. J., Witmer, Gabrielli, Bastow and Henry, JJ.