Nathan R Sobel, S.
At issue is a frequently recurring problem in the Surrogate’s Courts, that of claims against estates or beneficiaries of estates by the State Department of Mental Hygiene.
Testator Milton Seelen died August 9, 1975 leaving his widow Sylvia as his sole distributee. His will executed in 1968 and admitted to probate provided a trust of one half his net estate for Sylvia, remainder to two named cousins. (The cousins were also residuary legatees.) As nominated executors, they have been issued letters. The gross estate is approximately $75,000.
In 1968, shortly after the execution of the will, Sylvia was institutionalized and except for brief periods has continued as a patient in one of the institutions in the Department of Mental Hygiene (Department). A committee has been appointed for her. The committee is holding assets (apart from any beneficial interest in her husband’s estate) of over $100,-000.
The Department has filed a claim with the committee not with the estate, for some $60,000. This claim is approximately equal to the total net estate of the deceased husband, Milton Seelen.
Incidental to another proceeding (which will be separately decided) the committee of the widow advances the contention that the estate of the deceased husband, as the estate of a responsible relative, is primarily liable to pay the claim of the Department.
This court in Matter of Colon (83 Misc 2d 344) has discussed the recovery statutes (Social Services Law, §§ 101, 104, 104-b, 369) applicable to claims of the Social Services Department. That decision also discusses the relative liability inter se among (1) the recipient of assistance, (2) the recipient’s estate, (3) living responsible relatives and (4) the estates of responsible relatives.
However claims of the Department of Mental Hygiene are not governed by the same statutes. That Department’s claims are governed by separate statutes originating in the Insanity Law of 1896. A recent recodification of the Mental Hygiene Law (L 1972, ch 251, eff Jan. 1, 1973) has created a problem for our Surrogate’s Courts.
*362 To understand the problem it is necessary to make brief reference to a distinction between a "contribution” statute and a "recovery” statute.
A "contribution” statute is one which authorizes a department which furnishes care or assistance to a recipient or patient to compel current contribution. If the recipient or patient has assets (including assets in the possession of a committee or other fiduciary) current monthly contributions may be collected from such assets. If the recipient or patient has no assets or insufficient assets, a "responsible relative” may be compelled to contribute the cost of such care or assistance. At one time in the history of such contribution statutes, a grandparent and a parent could be compelled as responsible relatives to contribute for care and assistance of their children and grandchildren whether infant or adult: and children and grandchildren (infant or adult) could be compelled to contribute toward the support of their parents and grandparents. It was during this period that there was added to the contribution statutes provision that such "responsible relatives” were "jointly and severally liable” to the department. Today, the class of "responsible relatives” is limited to (1) a spouse for a spouse and (b) a parent for children only if under 21. Children whether adult or infant are no longer required to contribute for their parents or grandparents (see, e.g., Family Ct Act, § 415). Today, the requirement in the contribution statutes, that such responsible relatives shall be "jointly and severally liable”, has less significance in view of the reduction in the class of responsible relatives.
More important to the issue under consideration is the factor that each of the "contribution” statutes contained a proviso that the recipient or patient or the responsible relative could be compelled to contribute only if of "sufficient ability” during the period when care or assistance was being furnished.
It is this latter provision which made necessary the adoption of "recovery” statutes. A "recovery” statute authorizes a department to recover from a recipient or patient or responsible relative who may not have been of "sufficient ability” at the time care or assistance was furnished but who later came into possession of property. As discussed in Matter of Colon (supra, pp 349-350) recovery statutes are purposed to recover from either (a) "windfalls” (generally personal injury recoveries or inheritances) of either the recipient himself or his *363 responsible relatives or (b) from the estates of deceased recipients or responsible relatives. Such "recovery” statutes authorize the commissioner to commence an action against a recipient, his estate, a responsible relative or the estate of a responsible relative “discovered to have real or personal property.”
With this preliminary discussion of the distinction between a "contribution” statute and a "recovery” statute we return to the consideration of claims of the Department under the Mental Hygiene Law.
Prior to the latest recodification of the Mental Hygiene Law (L 1972, ch 251, eff Jan. 1, 1973) former section 24 of the Mental Hygiene Law contained within its 10 subdivisions both a "contribution” statute and a "recovery” statute.
Subdivision 2 and paragraph (a) of subdivision 4 (the latter added by L 1966, ch 256, § 54) were the contribution statutes. These contained the usual provisions that the recipient (or his committee or fiduciary possessing assets) and his responsible relative (spouse, or parent if recipient is under 21) were jointly and severally liable. Also the proviso that these were liable to contribute currently only if of "sufficient ability”.
Subdivision 6 of section 24 was the Department "recovery” statute. It permitted the commissioner to bring an action against (a) the recipient (or his committee or other fiduciary holding assets) or (b) a deceased recipient’s estate, or (c) a living responsible relative, or (d) the estate of a deceased responsible relative — if any of these were "discovered” to have real or personal property. Like other recovery statutes, there was no requirement that these must have been of "sufficient ability” at the time care or assistance was being furnished and there was no provision that these were "jointly or severally liable”.
However in 1972 (L 1972, ch 251, eff Jan. 1, 1973) the entire Mental Hygiene Law was as previously noted, recodified. In place of section 24 with its 10 subdivisions including "contribution” provisions and "recovery” provisions, there was substituted two new sections (Mental Hygiene Law, § 43.03, subd [a]; § 43.07, subd [c]).
Subdivision (a) of section 43.03 provides:
"Liability for fees* * *
"(a) The patient, his estate, his spouse, his parents or his legal guardian if he is under twenty-one, and his committee *364 and any fiduciary or representative payee holding assets for him or on his behalf are jointly and severally liable for the fees for services rendered to the patient.”
In the context in which it appears in article 43 of the Mental Hygiene Law (fees for services) this is a "contribution” statute. Its purpose is to authorize the Department to compel current contribution from either (a) the recipient patient (or his committee or other fiduciary holding assets for the patient) or (b) from his responsible relative (spouse or parent [if patient is under 21]). Among these two classes, these were "jointly and severally liable” to contribute. Omitted from subdivision (a) of section 43.03 was the requirement of all such "contribution” statutes that contribution may be compelled only from persons who were "of sufficient ability” (see, however, Family Ct Act, § 415). This requirement is however read into all such contribution statutes.
In place of the "recovery” statute (former § 24, subd 6) was substituted subdivision (c) of section 43.07 headed "Bill collection procedures”.
Subdivision (c) provides: "An action to collect fees due pursuant to this chapter shall commence within six years from the accrual of the cause of action. This cause of action accrues when the fees become due.”
This is not a "recovery” statute such as former subdivision 6 of section 24 of the Mental Hygiene Law or section 104 of the Social Services Law (see Matter of Colon, 83 Misc 2d 344, 348-352, supra).
It is the repeal, no doubt inadvertent (see Legislative Memorandum, McKinney’s 1972 Session Laws, p 3289) of the former recovery statute (Mental Hygiene Law, former § 24, subd 6) that has created problems for the Surrogate’s Courts in disposing of Department of Mental Hygiene claims.
For example — in the absence of a "recovery” statute, in an action by the Department brought under subdivision (c) of section 43.07 it might be a valid defense by (1) a patient who has come into property by way of an inheritance, or (2) a living responsible relative who has come into such an inheritance or (3) the estate of a deceased responsible relative — that these are not liable since not of "sufficient ability” at the time care was being furnished to the patient and therefore not presently liable for accrued fees. (See Matter of Colon, supra, p 350; cf. Matter of Moore, 277 App Div 471.)
*365 Obviously this consequence was not intended by the Legislature. Present subdivision (a) of section 43.03 and subdivision (c) of section 43.07 should be construed, as intended, to permit recovery by the Department.
Subdivision (a) of section 43.03 provides that the assets of the patient (or his committee or other fiduciary) and the assets of the responsible relative or his estate (spouse or parent [of patient under 21]) are jointly and severally liable. This merely permits the Department to proceed against either party. It does not determine priority of liability inter se.
When a patient (or committee or other fiduciary) has independent assets (i.e., not acquired by inheritance from the estate of the responsible relative) such assets are primarily liable. (Empire Trust Co. v Fell, 271 NY 72; Matter of Fox, 250 App Div 31; National City Bank of N.Y. v Lowenstein, 197 Misc 707; Matter of Fox, 67 Misc 2d 470.) As between patient and parents (or estate of parents) this has always been the rule. (Matter of Makowski, 8 Misc 2d 277; Matter of Cummings, 66 NYS2d 799.) In a recent text (1 Zusman & Carnahan, Mental Health: New York Law and Practice, § 6.03) it is stated that as between a husband and a patient-wife, the husband’s assets have in the past been primarily liable but that this is not the modern rule. The latter is established by the cited decisions. The decision is with the Department to initiate the action or claim. When another is primarily liable that party should be brought into the proceeding.
However where the patient has no independent assets, the claim will be made against the estate of the responsible relative (spouse or parent [of patient under 21]). If the patient is a beneficiary of the estate, the patient’s beneficial share is primarily liable and the estate’s assets secondarily liable to the extent that the patient’s share is insufficient to pay the Department’s total claim. (Cf. Matter of McClancy, 182 Misc 866, affd 268 App Div 876, Matter of Berg, 271 App Div 934; Matter of Falletta, 22 Misc 2d 991.)
In the instant case there is no problem. The Department is proceeding against the committee, not the estate of the spouse. The committee has substantial independent assets, apart from the patient’s beneficial interest in her trust. She (or her committee) was obviously of "sufficient ability” to pay for her care during the period she was a patient. Subject to the limitation in subdivision (c) of section 43.07 of the Mental *366 Hygiene Law, her independent assets are primarily responsible to pay the Department claim.
The committee’s claim against the estate of her deceased husband is dismissed as a matter of law.