OPINION OF THE COURT
Arthur A. Davis, Jr., S.
The Department of Mental Hygiene, State of New York, filed a verified claim against this estate in the sum of *787 $9,841.50 for the care and maintenance of Suzanne Decker, decedent’s wife during his lifetime. This claim was rejected by the administrator.
The validity of the claim is to be determined as a part of the "Accounting of Theodore Decker as Administrator of the Estate of Stanley Decker, Deceased”.
There is no issue as to the fact that care and assistance was rendered to the wife of decedent and that the value of such care was $9,841.50.
The sole issue is to determine who is liable for the fees for services rendered to the patient.
It is the contention of the administrator that the State should first look to the assets of the patient prior to those of relatives and in support of this position relies upon Matter of Seelen (87 Misc 2d 360). The administrator takes the position that before the State can attempt to hold the relative of a person institutionalized in a State facility for the expenses of such institutionalization the State must first show that the patient has no assets to pay for her own hospitalization.
Subdivision (a) of section 43.03 of the Mental Hygiene Law provides, in part, as follows: "(a) The patient, his estate, his spouse, his parents or his legal guardian if he is under twenty-one years of age, and his committee and any fiduciary or representative payee holding assets for him or on his behalf are jointly and severally liable for the fees for services rendered to the patient.”
The purpose of this provision is to’relieve the taxpayers of the cost of support of a patient who is or who has a spouse, parent, child, or fiduciary of sufficient ability to pay for the support instead of the recipient being a public charge. The named persons are jointly and severally liable for the fees for services rendered to the patient. This does not indicate that the State must first look to the assets of the patient.
It should also be noted that by instrument acknowledged August 16, 1976 Suzanne Decker, as a distributee of the estate of Stanley Decker (his widow), purported to sell and assign her interest and distributive estate in decedent’s estate to her sons and daughter. The administrator has not shown that the patient has any other assets or means with which to pay the State’s claim.
Prior to his death, decedent was responsible for his wife’s support. (Family Ct Act, § 412.) The claim that could have *788 been made against him during his lifetime may be made against his estate.
It is determined that the claim of the State of New York, Office of Mental Health, is allowed in the sum of $9,841.50 against the estate of Stanley Decker, deceased, Theodore Decker, administrator.