■ STATE OF NEW YORK, Appellant, v ARTHUR K. ROSS, Respondent. — Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered January 9, 1983 in Albany County, which denied plaintiff's motion for summary judgment.

The State commenced the instant action pursuant to Mental Hygiene Law § 43.03 to recover the cost of hospital services rendered defendant's spouse while she was a patient at Gowanda Psychiatric Center, a State hospital in Erie County, from February 11, 1976 through February 14, 1977. The Department of Mental Hygiene sent to defendant a verified claim in the amount of $11,573.21 representing the unpaid fees allegedly due it. The claim was not paid and this action resulted. Defendant denied liability in his answer and, in his affidavit in response to the State's motion for summary judgment, stated that he was and continued to be financially unable to pay the amount demanded.

Special Term denied the State's motion for summary judgment on the ground that defendant's claim of financial inability to pay raised a factual issue precluding such relief. This appeal by the State ensued.

There should be an affirmance. Special Term correctly found the existence of a factual issue in this case relating to defendant's financial ability to make payment for the unpaid hospital fees incurred for the care of his spouse in a State hospital. We reject the State's contention that defendant's inability to pay for

such services is not a defense to the State's claim under Mental Hygiene Law § 43.03 (a). An examination of case law suggests that the ability of a spouse to pay for his or her spouse's State hospital fees under Mental Hygiene Law § 43.03 is an element that the State is required to establish to sustain its burden of proof (*see, State of New York v Dolan,* 89 Misc 2d 1003, 1004; *Matter of Seelen,* 87 Misc 2d 360; *see also, Matter of Colon,* 83 Misc 2d 344).

The State argues that the omission of the financial ability requirement when Mental Hygiene Law § 43.03 (formerly Mental Hygiene Law § 24 [6]) was amended eliminated financial ability as a defense to the State's claim. However, in view of the legislative memorandum that was issued in connection with the revision of Mental Hygiene Law § 43.03 (*see,* Legislative Memorandum, 1972 McKinney's Session Laws of NY, at 3289), it is apparent that the omission was inadvertent (*see, Matter of Seelen, supra,* p 364) and the requirement remains.

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.