In the Matter of the Estate of CHARLES A. LEOUNIS, Deceased. CHARLES S. LEOUNIS et al., Individually and as Coexecutors of CHARLES A. LEOUNIS, Deceased, Appellants; NEW YORK STATE OFFICE OF MENTAL HEALTH, Respondent.

Third Department, April 22, 1993

### APPEARANCES OF COUNSEL

*Chernin & Gold,* Binghamton *(Richard N. Matties* of counsel), for appellants.

*Robert Abrams, Attorney-General,* Albany *(Julie S. Mereson* and *Nancy A. Spiegel* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether decedent's estate is liable, pursuant to Mental Hygiene Law § 43.03, for fees for services rendered to decedent's wife by respondent during decedent's lifetime. Decedent's wife was a patient at Binghamton Psychiatric Center in Broome County, a facility operated by respondent, from October 8, 1977 until her death on June 7, 1988, except for a brief period in 1986. Prior to his death, decedent contributed to the cost of the services provided to his·wife by respondent at a rate calculated by respondent's representatives which reflected a percentage of decedent's assets and income listed by decedent on a financial disclosure form. The rate was less than the actual cost of the services. Following decedent's death in April 1987, respondent discovered that decedent had failed to disclose certain certificates of deposit valued at over $36,000.

Pursuant to Mental Hygiene Law § 43.03 (a), "[t]he patient, his estate [and] his spouse * * * are jointly and severally liable for the fees for services rendered to the patient". Mental Hygiene Law § 43.03 (b) provides: "The commissioner may reduce or waive fees in cases of inability to pay or other reason. If the commissioner discovers that assets existing at the time of determination were not disclosed because of fraud or negligence, the department may collect the difference between the amount paid and the actual cost of services."

Based upon decedent's failure to disclose the certificates of deposit, respondent filed a claim against decedent's estate for the balance due for the services provided to decedent's wife prior to decedent's death. The amount due was calculated using the actual cost of services. Petitioners, as the coexecutors of decedent's estate, rejected the claim and respondent filed an objection to petitioners' final accounting. Surrogate's Court sustained the objection, directed petitioners to return their testamentary distributions to the estate and further directed that the resulting balance of decedent's estate, which was less than respondent's claim, be paid to respondent. Petitioners appeal from that part of the decree.

According to petitioners, the specific inclusion of the patient's estate and the patient's spouse, but not the spouse's estate, in the list of those liable for fees pursuant to Mental Hygiene Law § 43.03 (a) means that no portion of the fees can be collected from the spouse's estate. Respondent contends that the absence of a specific reference to the spouse's estate means that the spouse's estate is not liable for the fees for any services rendered after the spouse's death but as to services rendered prior to the spouse's death, the estate remains liable for the fees as it would be for other debts incurred by a decedent during his or her lifetime. We are of the view that respondent's interpretation of the statutory scheme is the correct one. There is nothing in the language of the statute or the legislative history to support petitioners' argument. Decedent's obligation pursuant to Mental Hygiene Law § 43.03 was a debt incurred during his lifetime, and we see nothing in the statutory scheme which would prevent respondent from seeking payment of that debt from decedent's estate (see, Matter of Seelen, 87 Misc 2d 360, 365).

Petitioners also argue that in the absence of any fraud or negligence on decedent's part in reporting his assets there is no basis for respondent to recover any of the unpaid fees. Surrogate's Court, however, found that decedent's failure to disclose the certificates of deposit was negligent and we see no basis in the record for disturbing this factual finding. Petitioners' contention that decedent was confused because of his age and language limitations has no support in the record. The caseworker who interviewed decedent testified that decedent understood and spoke English well and was in full control of his faculties.

Petitioners' final argument is that respondent's recovery should be limited to the difference between the amount that

decedent would have paid during his lifetime had the certificates of deposit been listed on the financial disclosure statement and the amount decedent actually paid. The statute provides that "the department may collect the difference between the amount paid and the actual cost of services" (Mental Hygiene Law § 43.03 [b]). The record establishes that if the failure to disclose assets had been discovered during decedent's lifetime, respondent would not have sought a recovery based upon the actual cost of the services rendered to decedent's wife; rather, respondent would have sought a recovery based upon a retroactive calculation of the rate to be paid by decedent, using the newly disclosed assets in that calculation. The rationale for this retroactive calculation is respondent's policy of seeking to avoid depletion of the income and assets of the spouse who is living in the community and has his own living expenses. Clearly, that rationale has no application after decedent's death, and in the facts and circumstances of this case we see no reason why respondent should not seek a recovery based upon the actual cost of the services rendered, as authorized by the statute.

LEVINE, J. P., MERCURE, MAHONEY and HARVEY, JJ., concur.

Ordered that the decree is affirmed, without costs.