■ STATE OF NEW YORK, Appellant, v PATRICIA II., Respondent. [787 NYS2d 459]—

Peters, J. Appeal from an order of the Supreme Court (Mc-Namara, J.), entered August 1, 2003 in Albany County, which, inter alia, granted defendant's motion to dismiss the complaint for failure to state a cause of action.

Pursuant to Mental Hygiene Law § 43.03, plaintiff sought to recover the costs of hospital services rendered to respondent while she was a patient at the South Beach Psychiatric Center from January 2, 1997 until March 11, 1997. While conceding the cost of such services, defendant moved to dismiss the complaint, contending that it failed to allege that she had the ability to pay which was a condition precedent to the institution of the action. Plaintiff cross-moved for summary judgment and Supreme Court dismissed the complaint, prompting this appeal.

The clear and unequivocal language of Mental Hygiene Law article 43 does not condition plaintiff's ability to maintain an action to recover the costs of defendant's care and treatment upon her ability to pay. Mental Hygiene Law § 43.01 (a) requires that fees shall be charged to patients and residents for services provided "however . . . no person shall be denied services because of [an] inability or failure to pay a fee." Joint and several liability for fees is cast upon both defendant and her spouse, estate, committee, "and any fiduciary or representative payee holding assets" (Mental Hygiene Law § 43.03 [a]). While the Commissioner of Mental Hygiene may reduce or waive such fees "in cases of inability to pay or other reason" (Mental Hygiene Law § 43.03 [b]), the statutory language makes it clear that such reduction or waiver will not release "a patient, his [or her] estate, committee or guardian, the trustee of a fund established for his [or her] support, or any fiduciary or payee of funds for or on behalf of a patient from liability for payment of the full fee" (Mental Hygiene Law § 43.03 [b]). Thus, the Commissioner was authorized to initiate this action for fee recovery (see Mental

Hygiene Law § 43.07), and defendant is liable for the full payment of services.

We recognize that prior to the 1972 amendment to the Mental Hygiene Law (*see* L 1972, ch 251), there were separate provisions authorizing contribution towards a patient's care based upon an ability to pay and subsequent recovery provisions if a responsible party or relative was later found to have acquired assets (*see* Mental Hygiene Law former § 24 [2], [4], [6]; *see Langevin v State of New York*, 196 Misc 2d 809, 811 [2003]; *Matter of Seelen*, 87 Misc 2d 360, 363 [1976]). The recodification of the Mental Hygiene Law (*see* L 1972, ch 251), however, merged these provisions and failed to include language conditioning liability. While we have concluded that the omission of the financial ability requirement was inadvertent in an action against a spouse for the recovery of unpaid hospital costs previously incurred by his wife (*State of New York v Ross*, 109 AD2d 937, 937-938 [1985]), that holding must be limited.

The legislative memorandum accompanying Mental Hygiene Law article 43 simply declared that the amendment is *"substantially similar"* to the prior provisions of the Mental Hygiene Law (*see* 1972 McKinney's Session Laws of NY, at 3289 [emphasis added]). Under the old law, indigent patients need not pay for services when they were provided but they, and others detailed by the statute, would remain liable for the full cost of services in a recovery action (*see* Mental Hygiene Law former § 24 [4], [6]). This principle remains (*see* Mental Hygiene Law § 43.01 [a]; § 43.03). Viewing "the language itself, [and] giving effect to its plain meaning" (*American Tr. Ins. Co. v Sartor*, 3 NY3d 71, 76 [2004]; *see Riley v County of Broome*, 95 NY2d 455, 463 [2000]), we find that the Legislature intended to permit an action for recovery of the full cost of services from both the patient and others enumerated by the statute (*see* Mental Hygiene Law § 43.03 [b]; *see generally Riley v County of Broome, supra* at 463), regardless of their ability to pay. As *Ross* sought recovery from a patient's *spouse* who was not designated a guardian or other responsible party under Mental Hygiene Law § 43.03 (b), and the statutory language fails to include a spouse as a party responsible for the cost of services if the fees were originally reduced or waived, we need not extend its holding to the facts present here. To the extent that *Ross* was seeking reimbursement for an unpaid portion of a fee which was waived or reduced at the time that services were rendered to his wife, it can be reconciled; to the extent that it does not, we decline to follow it (*see Langevin v State of New York, supra* at 812; *cf. Brown v Stone*, 66 F Supp 2d 412 [1999]).

As the instant action seeks recovery for the cost of services provided to defendant and the statute does not require a demonstration that defendant has an ability to pay those costs before an action can be instituted, we "cannot amend a statute by adding words that are not there" (*American Tr. Ins. Co. v Sartor, supra* at 76). The Court of Appeals has cautioned, "if there is to be a change in what the Legislature has clearly written[,] it should come from the Legislature" (*D'Amico v Christie*, 71 NY2d 76, 84 [1987]). Hence, with defendant's admission that she owes the amount of money claimed, plaintiff's cross motion for summary judgment should have been granted.

Crew III, J.P., Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, defendant's motion denied, plaintiff's cross motion granted and summary judgment awarded to plaintiff.